**STATE of Minnesota, Respondent,**

v.

**Donald Michael Albin PINCE, Appellant.**

**No. C3–84–907.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert W. Kelly, Washington County Atty., William F. Klumpp, Jr., Asst. Washington County Atty., Stillwater, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

This is a sentencing appeal. Donald Pince was charged with two counts of kidnapping in violation of Minn.Stat. § 609.25, subd. 1(4) (1982), and with criminal sexual conduct in the first and second degrees in violation of Minn.Stat. §§ 609.342(d) and 609.343(d) (Supp.1983). He pleaded guilty to one count of kidnapping and one count of criminal sexual conduct in the second degree. In return for the pleas, the State agreed to dismiss the other two charges and to recommend that Pince's sentences be concurrent and "capped" at 81 months.

On February 27, 1984, the trial court sentenced Pince to concurrent terms of 54 months for the kidnapping and 81 months for the criminal sexual conduct, to be served consecutively to three prior unexpired sentences for which Pince was on probation at the time he was arrested.

Pince appeals the sentence, claiming the trial court incorrectly calculated his criminal history score, which resulted in a departure from the presumptive sentence under the Minnesota Sentencing Guidelines without written reasons. The trial court subsequently filed a departure report setting forth the aggravating circumstances justifying the departure. Pince now maintains that the departure report does not contain substantial and compelling reasons to support the departure.

## FACTS

The trial court judge listed the following reasons for departing from the presumptive sentence:

The kidnapping of J.G. involved personal injury to her by shoving a pair of socks into her mouth and ripping it in addition to cuts and scratches inflicted by the heavy brush. J.B. suffered personal injury as a result of having to walk through the heavy brush and being

choked by the defendant. The (previous) aggravated assault conviction out of Dakota County also involved a personal injury to one of the victims.

Defendant committed the offenses of kidnapping and criminal sexual conduct in the second degree in a particularly cruel way for which defendant ought to be held responsible based upon the following facts:

a. J.B. was tied up several times, gagged, and blindfolded.

b. J.B. was subjected to multiple sexual contacts.

c. Defendant held a knife to the throat of J.G. and threatened to kill her in order to silence J.B.'s screaming induced out of terror.

d. Defendant threatened to kill J.B. in order to bring about her compliance in order to facilitate the sexual assault.

e. Both victims had to witness the offense committed against the other.

f. Defendant choked both victims about the neck causing them to fear for their lives.

g. Defendant poked J.B. in the stomach with a knife after completing his sexual assaults.

h. Defendant subjected J.B. to gratuitous degradation by lifting up her clothing and peering at her breasts and genital area after the sexual assaults.

i. Defendant placed J.B. in the trunk of a car on a hot day in order to facilitate her transportation to the scene of the sexual assaults.

j. The offenses occurred in a remote wooded area of the county.

In the process of committing kidnapping and criminal sexual conduct in the second degree defendant also committed the crimes of attempted aggravated robbery and unauthorized use of a motor vehicle.

Pince does not dispute the factual accuracy of the reasons for departure, but disputes that these facts show unusual or particular cruelty.

## ISSUE

Was Pince's 81-month sentence, calculated using a criminal history score of five and ordered to be served consecutive to his prior unexpired sentences, an improper durational departure from the Minnesota Sentencing Guidelines?

## ANALYSIS

■ The Minnesota Sentencing Guidelines authorize consecutive sentences "[w]hen a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines." Minnesota Sentencing Guidelines and Commentary II. F.(1) (1983). Because Pince is being sentenced for a current felony against a person and has prior unexpired sentences for felonies against persons, imposition of consecutive sentences is not in itself a departure from the Guidelines.

■ Pince argues, however, that the trial court did not follow the method prescribed in the Guidelines for calculating the duration of consecutive sentences and thus made an unjustified departure from the Guidelines. The Guidelines expressly state that in the case of consecutive sentences a person's criminal history is only to count one time in the computation of sentence durations. *See* Minnesota Sentencing Guidelines II.F. Pince's present sentences, contrary to this policy, were both computed using a criminal history score of five, even though he was to serve them consecutively to a prior unexpired sentence. Had the trial court correctly used a criminal history score of zero, the presumptive duration for each of the current sentences would have been 36 months. *See* Minn.Stat. §§ 609.11, 609.346 (1982); Minnesota Sentencing Guidelines II.E.; and *State v. Elkins*, 346 N.W.2d 116, 120 (Minn.1984).

■ The State argues that Pince may not now complain that his sentence was improper when it was arrived at as a result

of a knowing, intelligent, and voluntary plea agreement. This argument, however, was rejected by the Minnesota Supreme Court in *State v. Garcia*, 302 N.W.2d 643 (Minn.1981), where the Court specifically held that a negotiated plea on the sentence to be imposed may not be relied on to justify a sentencing departure. *Id.* at 647. As Chief Justice Sheran said in *Garcia*, "only the court, acting in accordance with the Guidelines, and not the parties, has the authority to determine the appropriate sentence." *Id.* Therefore, this court may not rely on the 81-month duration agreed to by the parties to justify a departure from the Guidelines.

Section II.D. of the Guidelines provides that the judge "shall" use the presumptive sentence "unless the individual case involves substantial and compelling circumstances." When such circumstances are present the judge may depart from the presumptive sentence but must provide written reasons justifying the decision. *Id.* In its departure report, the trial court noted that no report was initially filed because the court and counsel for both the State and the defendant were of the opinion that no departure was occurring. The court then acknowledged that 36 months is the presumptive consecutive sentence, but said "[n]evertheless, the court would not modify the 81-month consecutive sentence * * * for all of the reasons stated above."

We believe that the circumstances surrounding Pince's crimes were sufficiently aggravating so that a departure was reasonable and was not an abuse of the trial court's discretion. Pince treated the two young victims cruelly, tying them up, gagging them, choking them, and repeatedly threatening them verbally and with a knife. In addition, Pince injured one of the victims when he stuffed a pair of socks into her mouth. This constitutes an aggravating factor when coupled with Pince's prior felony conviction where a victim was also injured. *See* Minnesota Sentencing Guidelines II.D.(2)(b)(3). The record also indicates the definite possibility of further sexual and physical abuse of both victims had

the sheriff not arrived on the scene, prompting Pince to flee.

However, the 81-month sentence imposed is more than double the presumptive sentence of 36 months. We do not find the circumstances so compelling as to justify more than doubling the presumptive sentence. *See State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981). Therefore, we reduce Pince's sentence from 81 months to 72 months. We do not find it necessary to remand to the trial court for resentencing because the trial court obviously intended to give Pince the maximum possible sentence under the Guidelines. *See, e.g., State v. Elkins*, 346 N.W.2d at 120; *State v. Jones*, 328 N.W.2d 736, 738 (Minn.1983); *c.f. State v. Pickett*, 358 N.W.2d 38 at 39 (Minn.1984) (a remand was necessary because the trial court's intent was not clear).

## DECISION

The trial court improperly calculated Pince's criminal history score for purposes of consecutive sentencing and thereby departed from the presumptive sentence under the Minnesota Sentencing Guidelines. A double durational departure was justified by the circumstances, however, so the sentence is accordingly reduced to 72 months.

Affirmed as modified.