**STATE of Minnesota, Respondent,**

v.

**James L. SCOTT, Appellant.**

**No. C2–85–1055.**

Court of Appeals of Minnesota.

Sept. 10, 1985.

Review Denied Oct. 24, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of a denial of petition for post conviction relief requesting additional sentencing reduction. Appellant claims (1) although his crimes were serious in nature, the imposition of consecutive sentences exaggerated the criminality of his conduct and is unjustified, and (2) the trial court erred in upwardly departing from the new presumptive sentences according to the 1983 amendments to the Minnesota Sentencing Guidelines because substantial and compelling circumstances did not exist. We affirm.

## FACTS

On January 21, 1982, appellant and an unidentified man approached Mary Mortenson as she was shoveling snow in front of her Minneapolis house. Holding a gun and clamping his hand over Mortenson's nose and eyes, appellant demanded to know where she lived. Mortenson took appellant and the other man to the house of her next door neighbors, George and Ourania Legeros.

When Mortenson rang the doorbell, the Legeros' 23-year-old daughter Evyenia opened the door. Appellant forced himself and Mortenson through the doorway and into the house. Appellant's companion, who was also armed, attempted to follow, but Mrs. Legeros and Evyenia stopped him by closing the door on his arm. Appellant and the other man fired random shots.

Legeros' 24-year-old son James responded to his mother and sister's screams for help and was shot in the thigh by appellant and in the buttock by either appellant or the other man. George Legeros, who had been upstairs, helped James subdue appel-

lant. Appellant's companion fled and the police were called.

Subsequently, appellant was charged with the following: (1) assault in the first degree against James Legeros; (2) assault in the second degree against James, George, Evyenia, and Ourania Legeros and Mary Mortenson; (3) kidnapping to facilitate robbery against Mortenson; and (4) burglary with intent to commit robbery.

Appellant pled guilty to the first degree assault, kidnapping, and burglary charges. Pursuant to a plea agreement, the second degree assault charges were dismissed. The State recommended appellant be sentenced to an aggregate sentence of 130 months, consisting of two concurrent 54 month sentences for the burglary and kidnapping convictions and a 76 month consecutive sentence for the first degree assault conviction. The trial court sentenced appellant consistent with the State's recommendation.

Pursuant to the November 1983 amendments to section II.E of the Minnesota Sentencing Guidelines, the trial court modified appellant's sentence and reduced appellant's burglary conviction to 36 months (mandatory minimum sentence) and appellant's kidnapping conviction to 49 months (13 months in excess of the mandatory minimum sentence).

Appellant petitioned for further reduction of sentence and requested his three sentences be made concurrent or, in the alternative, his kidnapping conviction be reduced to 36 months, which was denied.

### ISSUES

1. Did the imposition of consecutive sentences unfairly exaggerate the criminality of his conduct?

2. Did the trial court err in upwardly departing from the presumptive sentence by relying on aggravating circumstances?

### ANALYSIS

1. Appellant claims the imposition of consecutive sentences constituted an abuse of discretion because it unfairly exaggerated the criminality of his conduct.

■ Consecutive sentencing is consistent with the guidelines "[w]hen the offender is convicted of multiple current felony convictions for crimes against different persons." Minnesota Sentencing Guidelines II.F. The Minnesota Supreme Court interprets the sentencing guidelines to mean:

the trial court may impose one sentence per victim in multiple victim cases so long as the multiple sentences do not unfairly exaggerate the criminality of the defendant's conduct.

*State v. Montalvo,* 324 N.W.2d 650, 652 (Minn.1982). We have said the "trial court is in a best position to weigh the various sentencing options and therefore is granted broad discretion in sentencing." *Massey v. State,* 352 N.W.2d 487, 489 (Minn.Ct.App. 1984), *pet. for rev. denied,* (Minn. Oct. 16, 1984).

■ Here, appellant apprehended Mortenson at gunpoint and physically abused her while she was shoveling her sidewalk. After forcing his way into the Legeros' home, appellant and his companion fired random shots into the house. The two men continued their criminal activities and James Legeros was wounded so as to require surgery and outpatient care. Appellant was an active and willful participant. Imposition of consecutive sentences did not unfairly exaggerate the criminality of appellant's conduct.

2. Appellant claims the 49 month kidnapping sentence is inconsistent with the parties' plea agreement, asserting a bargain for the presumptive sentence. Respondent argued, and the post-conviction trial court held, the plea agreement called for a specific sentence of 130 months and the modification merely reduced that sentence.

■ While the trial court initially imposed a presumptive sentence, imposition of sentence was an independent act, not controlled by the plea agreement entered into by the parties. There is nothing in the record showing the trial court promised a

particular sentence. Sentence duration remained within the court's discretion. "Only the court, acting in accordance with the Guidelines, and not the parties, has the authority to determine the appropriate sentence." *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981); *State v. Pince,* 358 N.W.2d 435, 437–38 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Mar. 6, 1985).

■ Upon resentencing, the trial court declined to reduce appellant's kidnapping conviction to the new mandatory minimum term of 36 months. Retroactive reduction to the new presumptive term is not mandatory. *Williams v. State,* 361 N.W.2d 840, 843 (Minn.1985). A sentence greater than the new presumptive term may be imposed if aggravating circumstances exist. *Id.; see Pince,* 358 N.W.2d at 438.

■ Appellant claims his sentence should be reduced from 49 months to 36 months because aggravating circumstances did not exist to justify an upward departure. As the post-conviction court found, however, aggravating circumstances were present. Appellant at gunpoint and with physical force abducted Mortenson while she was shoveling the snow off her front sidewalk. She was then forced inside the Legeros' house and subjected to random gunfire. Therefore, the 13 month upward departure was not erroneous.

### DECISION

Imposition of consecutive sentences for appellant's convictions did not exaggerate the criminality of his conduct. Appellant was an active and willful participant. The trial court's upward departure from the new presumptive sentence was justified by aggravating circumstances.

Affirmed.