*State,* 324 N.W.2d 918, 919–20 (Minn. 1982)).

**DECISION**

Affirmed.

**STATE of Minnesota, Respondent,**

v.

**Jay Brian ANDERSON, Appellant.**

No. C9–86–236.

Court of Appeals of Minnesota.

June 3, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John R. Leitner, Aitkin Co. Atty., Aitkin, for respondent.

C. Paul Jones, Public Defender, Bradford Colbert, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

**MEMORANDUM OPINION**

LESLIE, Judge.

**FACTS**

In the afternoon of August 11, 1985, appellant Jay Anderson, who had been drinking, was sitting on his porch at his trailer, holding a .22 caliber rifle and shooting at rabbits. That evening appellant's brother-in-law and a friend drove up and appellant shot at them, hitting the front fender of their car. Deputies Bruce Beck and Rick Passer were summoned. Appellant told the officers to leave him alone and to leave. Appellant told Officer Passer that he would not talk with Passer while Passer was armed. Passer then placed his weapon on top of the squad car and walked towards appellant. Appellant pointed his rifle at Passer and told him to stop. Appellant related that he was angry at his brother-in-law and the person in the car. Appellant told Deputy Beck to put his gun away and when Beck refused, appellant pointed the gun at him. As Passer started walking

towards him, appellant fired a shot into the ground about six feet from Passer.

Appellant and Passer then discussed the situation in appellant's trailer home. Appellant left the trailer and threatened to shoot anyone who came within 100 yards. Appellant later returned, and following a brief struggle surrendered.

Appellant was charged with four counts of assault in the second degree, Minn.Stat. § 609.222 (1984). In a plea agreement, appellant pleaded guilty to one count of assault in the second degree. In exchange, the prosecutor agreed to recommend that appellant be given a dispositional departure and be placed on probation with a stayed sentence, rather than a mandatory minimum term of 36 months under Minn.Stat. § 609.11, subd. 5 (1984). Appellant did not reserve the right to withdraw his guilty plea if the court did not acquiesce in the recommended departure. The probation officer recommended that appellant be given the mandatory minimum sentence. The trial court sentenced appellant to the mandatory minimum sentence and appellant appealed.

## DECISION

■ The trial court has broad discretion in deciding whether to depart from the sentencing guidelines. *State v. Kindem,* 313 N.W.2d 6 (Minn.1981). The trial court may depart from a mandatory minimum sentence under Minn.Stat. § 609.11 and place a defendant on probation. *See State v. Olson,* 325 N.W.2d 13 (Minn.1982). Only in a rare case, however, will a reviewing court reverse a trial court's imposition of a presumptive sentence. *Kindem,* 313 N.W.2d at 7. This is not such a case.

In sentencing appellant to the presumptive mandatory minimum sentence, the trial court cited appellant's escalation in his criminal activities over the years, his lying to the probation officer, his belligerent attitude toward the psychologist who performed a psychological evaluation, his refusal to take responsibility for his actions, including the incident in question in which several shots were fired at people, his seri-

ous chemical dependency and emotional disorders, and a strong recommendation of the probation officer. Minnesota Sentencing Guidelines II.E.

■ We find no abuse of discretion in either the court's rejection of a dispositional departure or a downward durational departure to 21 months. While the plea agreement required the prosecutor to recommend a departure, the trial court has the ultimate authority to determine the appropriate sentence. *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981); *State v. Pince,* 358 N.W.2d 435, 438 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Mar. 6, 1985).

Affirmed.