**STATE of Minnesota, Respondent,**

v.

**Eric Edward LUND, Appellant.**

No. C8–86–1393.

Court of Appeals of Minnesota.

Dec. 2, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing Co. Atty., Brainerd, for respondent.

C. Paul Jones, State Public Defender, Susan Andrews, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and SEDGWICK and FORSBERG, JJ., with oral argument waived.

**OPINION**

FORSBERG, Judge.

Eric Lund appeals from the sentence imposed for his conviction of conspiracy to distribute a controlled substance and contends the sentencing court abused its discretion by executing a presumptively stayed sentence at his request. We reverse and remand.

**FACTS**

Appellant was charged with one count of conspiracy to distribute a controlled substance, Minn.Stat. §§ 152.09 and 152.096, subd. 1 (1984). In a statement given to police after his arrest, appellant admitted supplying Charles Ruesken with 2,269 "dosage units" of purported LSD [1] in four separate transactions between September and October of 1985. Ruesken then sold the LSD to an undercover agent of the Bureau of Criminal Apprehension.

On March 24, 1986, appellant pled guilty in exchange for an agreement that he would not be prosecuted for any other drug charges. At the guilty plea hearing, appellant testified that he sold LSD to Ruesken four times in September and October of 1985, and that he arranged to sell 5,000 "dosage units" of LSD to the undercover agent. The State informed the trial court that it intended to request a departure from the sentencing guidelines and a prison sentence. Appellant demanded a sentencing hearing, but failed to appear for sentencing.

After being arrested on a bench warrant, appellant appeared before the court for sentencing May 27, 1986. The prosecutor stated that the defendant could either "acquiesce in the dispositional departure" or face a departure hearing. After conferring

1. A BCA chemist later determined that 1,500 "dosage units" purchased on October 10, 1985 did not contain LSD.

with counsel, appellant agreed not to contest an executed sentence of 30 months for conspiracy to distribute a controlled substance, and that his probation on a prior burglary conviction would be revoked, with that sentence to be served concurrently.

The court specifically asked appellant if he understood the agreement:

> THE COURT: Mr. Lund, you understand what has been said?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You want the court to execute a 30-month sentence on you and send you to prison for that period of time?
>
> THE DEFENDANT: Yes, sir.

The trial court then sentenced appellant to imprisonment for a term of 30 months for conspiracy to distribute a controlled substance and imposed a concurrent term of one year and one day on the burglary conviction. A departure report filed by the trial court stated that the reason for the departure was: "As per the request of the defendant."

### ISSUE

Did the sentencing court abuse its discretion by imposing a dispositional departure at appellant's request?

### ANALYSIS

The Minnesota Sentencing Guidelines provide that:

> * * * The judge shall utilize the presumptive sentence provided in the sentencing guidelines unless the individual case involves substantial and compelling circumstances. When such circumstances are present, the judge may depart from the presumptive sentence and stay or impose any sentence authorized by law. * * * When departing from the presumptive sentence, a judge must provide written reasons which specify the substantial and compelling nature of the circumstances * * *.

Minnesota Sentencing Guidelines II.D.

Although there may be reasons to depart, the trial court did not specifically state them. Defendant's agreement is not sufficient. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981). The matter is remanded for a sentencing hearing to determine whether there are substantial and compelling reasons to sustain the departure.

### DECISION

Reversed and remanded.