STATE of Minnesota, Respondent,

v.

William C. DOHERTY, Appellant.

No. CX–87–1566.

Court of Appeals of Minnesota.

Feb. 16, 1988.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, John Carlson, Pine County Atty., Pine City, for respondent.

C. Paul Jones, State Public Defender, Susan J. Andrews, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and PARKER, and LOMMEN,* JJ., with oral argument waived.

---

**OPINION**

HUSPENI, Judge.

Appellant, William Doherty, pleaded guilty to escape in violation of Minn.Stat. § 609.485, subd. 2(1) (1986); and to unauthorized use of a motor vehicle in violation of Minn.Stat. § 609.55, subd. 2 (1986). The trial court sentenced him to an executed sentence of thirteen months for unauthorized use of a motor vehicle consecutive to one year and one day for escape; both sentences were consecutive to the unexpired sentence for burglary being served by appellant at the date of the escape. The sentence was a dispositional departure from the presumptive sentence authorized by the Minnesota Sentencing Guidelines. The trial court granted jail credit for time served after the supervised release date for a burglary conviction. Appellant argues that the trial court erred in departing from the presumed sentence for unauthorized use of a motor vehicle; in imposing consecutive sentences; and in calculating jail credit. We affirm in part and reverse in part.

**FACTS**

On August 13, 1985, appellant was sentenced to probation of one year and one day for third degree burglary. Appellant's probation was revoked after he committed a second burglary in October of 1985. On December 11, 1985, appellant was sentenced for second degree burglary to the Commissioner of Corrections for a period of twenty-seven months. (He also served a year and a day on the revoked third degree burglary conviction.) It was while appellant was serving the final portion of his second degree burglary sentence in the Minnesota Correctional Facility at Willow River Camp, that the incidents giving rise to this appeal occurred.

On February 13, 1987, appellant accompanied by another inmate left Willow River Camp without permission. The two men took bicycles from the Camp workshop and rode to Sturgeon Lake, a nearby town. There they went to the Squirrel Cage Bar

to purchase vodka so that they could "get drunk" after returning to the correctional facility. Upon leaving the Squirrel Cage, they came upon a flatbed truck with its engine running parked outside the bar. The men decided that rather than ride into a head wind, they would drive the truck back to Willow River Camp. Approximately one mile from the Camp, they drove the truck off the road into the woods. They abandoned the truck and walked back to Willow River Camp.

Upon their return, appellant and his companions drank the vodka and appear to have become intoxicated. In the early hours of February 14, 1987, appellant and a second inmate absconded from the Camp. They hitched a ride into the Twin Cities and visited with a girlfriend. The next day they moved to a second girlfriend's home.

On February 14, 1987, Deputy Sheriff Grinde discovered the flatbed truck in the woods, smashed into a tree. The truck body was damaged and the windshield was shattered. Two chain saws and two 5-gallon gas cans had disappeared from the cab.

Appellant was arrested in Ramsey County on February 19, 1987. The owner of the Squirrel Cage identified appellant as visiting the bar at the time the truck was reported stolen. On February 25, 1987, appellant was charged with escaping from Willow River Camp. He was later charged with UUMV, theft and aggravated criminal damage to the truck.

On April 23, 1987, appellant entered guilty pleas to the UUMV and escape charges. The plea agreement recommended dismissal of the theft and criminal damage charges; imposition of the presumptive sentence for the UUMV charge; a one year and one day concurrent sentence for the escape charge; and credit for time served. After a brief hearing, the trial court referred the matter to the department of corrections for a presentence investigation.

The presentence report was prepared by Willow River Camp personnel and recommended:

[T]hat subject be committed to the Commissioner of Corrections for a period of 13 months for the UUMV and given a consecutive sentence of 12 months and 1 day on the Escape. The UUMV sentence is a departure from the guidelines, but the offense was committed while he was an inmate at a state correctional institution, thus it seems absurd he should be able to commit a felony and not receive additional time.

Appellant had a criminal history score of 3 at the time of sentencing on the escape and UUMV convictions; the severity levels for these offenses are III and I, respectively. The presumptive sentence for escape is 17 months executed; the presumptive sentence for UUMV is a 13 month stayed sentence. The sentence on appellant's third degree burglary conviction expired on October 30, 1986, while the sentence on the second degree burglary will expire on January 28, 1988. Appellant's scheduled supervised release date for the burglary offense was May 5, 1987.

On May 14, 1987, appellant appeared before the trial court for sentencing. The trial court considered the presentencing report prepared by the department of corrections, and stated:

It's my understanding [the department of corrections'] recommendation would be that 13 month sentence be executed, which would be a dispositional departure. State would agree with that, in part due to what has occurred with regards to the other two defendants in this matter, * * * with regards to the unauthorized use and * * * to the escape charge.

Mr. Doherty is the only individual involved in both charges. Therefore, we would concur in the recommendation of [the department of corrections.]

In executing the sentence for UUMV, the trial court stated:

What I'm going to do in the unauthorized use of a motor vehicle is—I should note for the record that this will be arguably departure, so I will need a departure report, although it is my conclusion that it is probably not actually a departure, based on a conversation I had with the executive director of the sentencing

guidelines commission in connection with a companion case * * *.

At any rate, the sentencing worksheet does recommend a stay of the 13–month sentence based upon a criminal history score of three, for this theft. The conversation I had with the director of the sentencing guidelines commission had to do with her telling me that the guidelines commission had just adopted a new provision relating to departures, and that provision, as I understand it, from what she told me, is that it is not a departure to execute a sentence for an offense that occurred while a defendant was on escape status, separate and apart from the charge of escape itself.

Appellant was sentenced to 13 months executed for the UUMV with jail credit for time served after May 5, 1987, the supervised release date for the burglary offense.

In addition, appellant was sentenced to a consecutive sentence of one year and one day for the escape. After passing sentence, the trial court stated:

> [A] total of 25 months and one day for this event * * * is a rather lengthy sentence. On the other hand, each of these offenses occurred when you were in custody of the commissioner of corrections and to sentence concurrently I think would minimize the criminality of your conduct, due to the fact you were a prisoner when you committed those offenses and hopefully in the process of being corrected at that time.

Appellant requests that he be resentenced to concurrent terms of fifteen months for escape and seventeen months for unauthorized use of a motor vehicle. Alternatively, appellant asks that the dispositional departure be reversed and a stayed sentence of thirteen months be imposed for the unauthorized use of a motor vehicle. Additionally, appellant requests jail credit against the conviction for unauthorized use of a motor vehicle from the date he was charged with the offense.

## ISSUES

1. Did the trial court err in departing from the presumptive sentence for UUMV by imposing an executed sentence?

2. Did the trial court err in imposing a sentence for UUMV which was consecutive to the unexpired burglary sentence?

3. Did the trial court err in determining the amount of jail credit?

4. Did the trial court err in imposing a sentence for the escape which was consecutive with appellant's unexpired sentence for burglary?

## ANALYSIS

### I.

*Unauthorized Use of a Motor Vehicle*

The presumptive sentence for UUMV with a criminal history score of 3 is 13 months stayed. In imposing an executed sentence for the UUMV, the trial court departed dispositionally from the guidelines' presumed sentence. Therefore, we must first determine whether the dispositional departure was an abuse of discretion.

Section II.D. of the Minnesota Sentencing Guidelines provides that when a court departs from the presumptive sentence, it must provide "written reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence." *Id.*

In *State v. Garcia*, 302 N.W.2d 643 (Minn.1981), the supreme court held that when substantial and compelling circumstances are present, the trial court "may" depart from the presumptive sentence. *Id.* at 647. Consequently, the trial court has broad discretion and the reviewing court generally will not interfere with the exercise of that discretion. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981).

It appears from the record that the trial court may have been uncertain whether the sentence was a dispositional departure. The trial court stated that its belief that there was no dispositional departure was based upon statements made by an

executive in the Sentencing Guidelines Commission. Although the trial court may have been incorrect in concluding that no dispositional departure was involved, we believe that we may affirm the dispositional departure if there is support for the decision in either the sentencing report or the record.

Although the trial court recognized the need for a departure report in cases where the sentence imposed departs dispositionally from the presumed sentence, none was filed (apparently because the trial court concluded it was imposing the guidelines sentence). In *Williams v. State*, 361 N.W. 2d 840 (Minn.1985), the supreme court held that the failure to file a report will not be fatal where the record sets forth the trial court's reasons for the sentencing departure. *Id.* at 844. There, the supreme court adopted rules to ensure compliance with the guidelines in cases where no departure report is filed by the trial court.

The *Williams* guidelines are:

1. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.

2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.

3. If the reasons given justify the departure, the departure will be allowed.

4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.

5. If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed.

*Id.* Having reviewed the record, we conclude that it contains sufficient evidence to support the sentence.

■ The supreme court held that when justifying a dispositional departure, "the trial court can focus more on the defendant as an individual and on whether the presumptive sentence would be best for him and for society." *State v. Heywood*, 338 N.W.2d 243, 244 (Minn.1983). Appellant was placed on probation in August of 1985

after he committed burglary. Two months later probation was revoked and the sentence executed after he committed a further burglary. While serving his sentence for these offenses, appellant escaped from detention and stole a flatbed truck. Having driven the truck away and returned to Willow River Camp, he escaped a second time.

The trial court relied upon the recommendation made by the Department of Corrections in its presentence investigation report that an executed sentence be imposed. Additionally, the language used by the trial court indicates that the escape from custody and the commission of a crime while on escape were important considerations in its determination to impose an executed sentence.

In *Garcia*, the supreme court upheld the trial court's refusal to stay execution on the basis that the chemically dependent defendant had demonstrated he was "an extremely poor candidate for probation." *Garcia*, 302 N.W.2d at 647. In this case, the presentence recommendation did not specifically state that appellant was unamenable to probation. Nevertheless, the fact that he committed a second burglary while on probation and made two escapes from custody are convincing indications that he is an "extremely poor candidate for probation." We conclude, therefore, that the dispositional departure and imposition of an executed sentence for the UUMV offense is supported by the record.

## II.

■ In addition to executing the sentence for UUMV, the trial court caused the UUMV sentence to run consecutive to the unexpired burglary sentence. We believe the trial court erred in imposing a consecutive sentence in this instance. Section II.F. of the Minnesota Sentencing Guidelines states:

*Concurrent/Consecutive Sentences:*

When an offender is convicted of multiple current offenses, or when there is a prior felony sentence which has not expired or been discharged, concurrent sen-

tences shall be given in all cases not covered below. * * *

*Id.*

There is nothing in section II.F. which permits the trial court to impose a UUMV sentence consecutive to the unexpired burglary sentence. Hence, in imposing the consecutive sentence for UUMV, the trial court departed dispositionally from the guidelines. No departure report was filed and there is nothing in the record which indicates the basis for the trial court determination. *Id.* Consequently, we reverse this aspect of the sentence and order that the imposition of the UUMV sentence run concurrently with the unexpired burglary sentence.

### III.

■ Finally, the trial court granted jail credit for UUMV from May 5, 1987, the supervised release date for the unexpired burglary sentence. Appellant argues that he should receive credit against the UUMV sentence for time served from March 16, 1987, the date he was charged with the offense. We agree that appellant must be credited with all jail time served as a result of the UUMV charge. Minn.R.Crim.P. 27.-03, subd. 4(B); *Effinger v. State*, 380 N.W.2d 483, 489 (Minn.1986). The fact that appellant was simultaneously incarcerated as a result of his burglary conviction does not permit a contrary result. *State v. Patricelli*, 357 N.W.2d 89, 94 (Minn.1984). We direct that appellant be given jail credit against his UUMV sentence from March 16, 1987.

### IV.

*Escape*

■ Finally, we examine the sentence of a year and a day for escape imposed consecutive to the UUMV and unexpired burglary sentences. The section of the Criminal Code dealing with escapes from custody sets out a sentencing provision. Minn. Stat. § 609.485 provides:

Subd. 4. *Sentence.*

■ Unless a concurrent term is specified by the court, a sentence under this sec-

tion *shall* be consecutive to any sentence previously imposed or which may be imposed for any crime or offense for which the person was in custody when the person escaped.

*Id.*, subd. 4(6) (emphasis added). The Minnesota Sentencing Guidelines provide further guidance regarding consecutive sentencing after an escape conviction:

Consecutive sentences *may* be given only in the following cases:

* * * * * *

3. When the conviction is for escape from lawful custody, as defined in Minn. Stat. § 609.485 *and there are unexpired or current executed sentences for any offense for which the person was in custody at time of the escape and/or current executed sentences for offenses committed while on escape status.* The presumptive disposition for escapes from executed sentences shall be execution of the escape sentence.

Minnesota Sentencing Guidelines II.F.3 (1986) (emphasis supplied to language added in August 1986). The appropriateness of consecutive sentencing for escape is specifically provided for in the guidelines, and the severity of the sanction is proportional to the severity of the offense. *Id.* Comment II.F.01.

The trial court did not state that the sentence for the escape was to be served concurrently with the unexpired burglary sentence. Moreover, the trial court indicated that the consecutive sentence was imposed because the sentence would otherwise not reflect the severity of the offense. Consequently, the unexpired sentence and the escape sentence are to be served consecutively under Minn.Stat. § 609.485, subd. 4(6) and the sentencing guidelines.

### DECISION

The dispositional departure in imposing a thirteen month executed sentence for unauthorized use of motor vehicle is affirmed. The imposition of a sentence for UUMV consecutive to the unexpired burglary sentence is reversed; the sentence for UUMV shall run concurrently with the unexpired

burglary sentence. Appellant shall be granted jail credit against the UUMV sentence from March 16, 1987, the date on which he was charged with that offense. The escape sentence of one year and one day consecutive to the unexpired burglary sentence and to the UUMV sentence is affirmed.

Affirmed in part and reversed in part.