**STATE of Minnesota, Respondent,**

v.

**Vicki M. ELTING, Appellant.**

**No. C5–91–2015.**

Court of Appeals of Minnesota.

Feb. 4, 1992.

Review Denied March 26, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Gary S. McGlennen, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and FORSBERG and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant argues the trial court abused its discretion by imposing four consecutive sentences and by failing to apply her jail credit against each consecutive sentence.

## FACTS

Appellant is a 25–year–old woman who has a 12–year–old's psycho-social development level. Appellant induced six girls between the ages of five and eleven to engage in sexual conduct for money with a 74–year–old man.

Appellant pleaded guilty to four counts of solicitation, inducement and promotion of prostitution in violation of Minn.Stat. § 609.322, subd. 1(1) (1990). The trial court imposed four consecutive 60–month sentences which represents a 156–month downward durational departure. The trial court applied appellant's jail credit against her single aggregated 240–month sentence.

## ISSUES

I. Did the trial court abuse its discretion by imposing four consecutive sentences?

II. Did the trial court abuse its discretion by failing to apply appellant's jail credit against each of her consecutive sentences?

## ANALYSIS

### I.

Appellant argues the trial court abused its discretion by imposing four consecutive

sentences which unfairly exaggerate the criminality of her conduct. We disagree.

▮ Absent compelling circumstances, an appellate court will not modify a presumptive sentence. *State v. Freyer*, 328 N.W.2d 140, 142 (Minn.1982); *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981). In multiple victim cases, a trial court may impose consecutive sentences unless it would unfairly exaggerate the criminality of a defendant's conduct. *State v. Norris*, 428 N.W.2d 61, 70–71 (Minn.1988).

▮ Appellant's criminal conduct, inducing girls between the ages of five and eleven to engage in prostitution, is extremely serious. Appellant's 240–month sentence represents a 156–month downward durational departure. This departure adequately reflects the mitigating factor of appellant's reduced psycho-social development,[1] especially when weighed against the victims' vulnerability. *See State v. Barsness*, 473 N.W.2d 325, 329 (Minn.App.1991), *pet. for rev. denied* (Minn. Aug. 29, 1991); *see also State v. Wall*, 343 N.W.2d 22, 25 (Minn.1984) (defendant's mental impairment does not require sentencing departure). The imposition of four consecutive 60–month sentences therefore does not unfairly exaggerate the criminality of appellant's conduct.

## II.

Appellant also argues the trial court abused its discretion by failing to apply jail credit against each consecutive sentence. We disagree.

▮ A defendant is entitled to credit for all time spent in custody before sentencing in connection with the offense. *State v. Bauman*, 388 N.W.2d 795, 796 (Minn.App.1986), *pet. for rev. denied* (Minn. Aug. 20, 1986). When consecutive sentences are imposed, however, the sentence durations for each offense are aggregated into a single presumptive sentence. Minn. Sent. Guidelines II.F. Awarding jail credit against each consecutive sentence would give a defendant an unfair multiple credit. *State v. Patricelli*, 357 N.W.2d 89, 94 (Minn.1984). A defendant is therefore only entitled to jail credit against his or her single aggregated sentence. *See State v. Jannetta*, 355 N.W.2d 189, 195 (Minn.App. 1984), *pet. for rev. denied* (Minn. Jan. 14, 1985); *see also Effinger v. State*, 380 N.W.2d 483, 489 (Minn.1986) (defendant only entitled to jail credit against first consecutive sentence).

▮ Appellant argues the Minnesota Supreme Court overruled these cases in *State v. Brom*, 463 N.W.2d 758 (Minn.1990), *cert. denied* —— U.S. ——, 111 S.Ct. 1398, 113 L.Ed.2d 453 (1991). In *Brom*, the trial court imposed three consecutive life sentences and one concurrent life sentence. *Id.* at 761, 765. The supreme court stated that Brom was entitled to jail credit "against each of his life sentences." *Id.* at 766. Appellant argues the phrase "each of his life sentences" suggests Brom received jail credit four times, once for his concurrent life sentence and once for each of his consecutive life sentences. We disagree.

Although first degree murder is excluded from the guidelines, Minn. Sent. Guidelines II.E., awarding jail credit against each consecutive life sentence would result in an unfair multiple jail credit. The *Brom* court's analysis does not discuss the issue of unfair multiple jail credit, nor does it cite *Effinger, Jannetta* or *Patricelli*. *See Brom*, 463 N.W.2d at 765–66. It is unlikely the supreme court intended to overrule *Effinger* and *Patricelli* without comment. The better interpretation is "life sentences" refers to Brom's first consecutive life sentence and his concurrent life sentence. This interpretation is consistent with *Effinger* and *Patricelli*. *See Effinger*, 380 N.W.2d at 489; *Patricelli*, 357 N.W.2d at 94. As a result, *Brom* does not change existing jail credit law. The trial court therefore did not abuse its discretion by

---

1. Appellant's reduced psycho-social development was not the result of physical and mental abuse caused by the *victims*, nor are there additional mitigating factors. *See State v. Hennum*, 441 N.W.2d 793, 801 (Minn.1989) (victim abused defendant and there were additional mitigating factors).

applying appellant's jail credit only once against her aggregated 240–month sentence.

## DECISION

The trial court's imposition of one sentence per victim did not unfairly exaggerate the criminality of appellant's conduct. Appellant is entitled to jail credit only once against her aggregated consecutive sentences.

Affirmed.