**STATE of Minnesota, Respondent,**

v.

**Frederick W. ALLEN, Appellant.**

**No. C7-91-2209.**

Court of Appeals of Minnesota.

March 3, 1992.

Review Denied April 13, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Lee W. Barry, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

## OPINION

PARKER, Judge.

Frederick Allen was charged with two counts of kidnapping and one count of first-degree criminal sexual conduct. Allen eventually agreed to plead guilty to these charges in exchange for a promise that the state would not charge him with aggravated robbery. Prior to sentencing, the state moved that the trial court impose consecutive sentences and aggravate the sentence for criminal sexual conduct.

On appeal Allen alleges that the trial court erred in sentencing as the state requested and in applying jail credit to only one of his sentences rather than to each consecutive sentence. We affirm.

## FACTS

On the evening of November 20, 1990, as S.K., a 17–year–old girl, and J.B., a 15–year–old boy, sat and talked in her car parked in front of J.B.'s home in north Minneapolis, Frederick Allen and two other men approached.

One of the men forced his way into the car. After S.K. tried to drive away, one of the men threatened to shoot J.B. if she did not stop. One of the three then ordered S.K. to drive into an alley and stop. They ordered the victim and J.B. out of the car and proceeded to rummage through the girl's purse; they then ordered both victims back into the car, at which point one of the men drove it to an alley behind Golden Valley Road.

Two of the men then forced S.K. to perform oral sex. One of the men then forced her to have intercourse with him on the trunk of the car, while the others hit J.B. in the face. They then forced her to have intercourse with a second man while the third berated and taunted her. During this assault the police appeared. The assailants escaped but were later arrested.

The victims were taken to a hospital. J.B. was treated for an injury to his eardrum. Both victims suffered psychological trauma that required professional counseling.

After Allen was convicted, the trial court imposed consecutive sentences and departed upward on the sentence for criminal sexual conduct, to a total of 200 months. If ordered to run concurrently, the presumptive sentences would have been 44 to 52 months on one count of kidnapping, 54 to 62 months on the second kidnapping count, and 93 to 103 months on the first-degree criminal sexual conduct.

Absent the deviation, the presumptive aggregate sentences, if ordered to run consecutive to one another under the multiple-victim exception to section II.F of the sentencing guidelines, would have been 125 to 143 months (44 to 52 months for kidnapping of the victim and 81 to 91 months for the criminal sexual conduct).

## ISSUES

1. Did the trial court err in imposing a consecutive sentence and an upward durational departure?

2. Did the trial court err in applying jail credit to only one of Allen's sentences rather than to each consecutive sentence?

## DISCUSSION

### *Standard of Review*

■ Sentencing is generally within the broad discretion of the trial court, and this court "generally will not interfere with the exercise of that discretion." *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). Although the trial court generally applies the presumptive sentence, the court has discretion to depart when the offense involves "substantial and compelling circumstances." *State v. Garcia,* 302 N.W.2d 643, 646 (Minn.1981). *State v. Best,* 449 N.W.2d 426, 427 (Minn.1989). Substantial or compelling circumstances are those that make the facts of a particular case either more or less serious than a typical case involving the same crime. *State v. Back,* 341 N.W.2d 273, 276 (Minn.1983).

### I

Allen pled guilty to two counts of kidnapping in violation of Minn.Stat. § 609.25, subd. 1(2) (1990), and one count of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(c) (1990). The court calculated the presumptive sentences on the sentencing guidelines grid based on a criminal history score of zero for the kidnapping of the girl (48 months, 44–52) and a score of one for both the kidnapping of the boy (58 months, 54–62) and the first-degree criminal sexual conduct (98 months, 93–103).

The Minnesota Sentencing Guidelines provide:

Consecutive sentences may be given only in the following cases:

\*　　\*　　\*　　\*　　\*　　\*

2. When the offender is convicted of multiple current felony convictions for crimes against different persons, and

when the sentence for the most severe current conviction is executed according to the guidelines;

\*　　\*　　\*　　\*　　\*　　\*

The use of consecutive sentences in any other case constitutes a departure from the guidelines and requires written reasons pursuant to Minn.Stat. § 244.10, subd. 2 and section E of these guidelines. Minn.Sent.Guidelines II.F.

■ We believe that Allen's challenge to the imposition of consecutive sentences must fail. The trial court imposed consecutive sentences of 52 months for the kidnapping of the boy and 148 months for the criminal sexual conduct against the girl. The sentencing guidelines expressly permit consecutive sentencing when the defendant is convicted of multiple felonies against different persons. Minn.Sent.Guidelines II. F.2. Moreover, whether to impose consecutive sentences is within the trial court's discretion. *State v. Hendrickson,* 406 N.W.2d 631, 632 (Minn.App.1987), *pet. for rev. denied* (Minn. July 22, 1987). Consecutive sentences were justified in this case.

Allen also challenges the trial court's decision to impose an upward durational departure for the criminal sexual conduct sentence, together with the imposition of consecutive sentences. He argues that the aggravating factors justifying a departure are not present in this case.

The Minnesota Supreme Court outlined the steps for review of departures from the sentencing guidelines in *Williams v. State:*

1. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.

2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.

3. If the reasons given justify the departure, the departure will be allowed.

4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.

5. If the reasons given are improper or inadequate and there is insufficient ev-

idence of record to justify the departure, the departure will be reversed. *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985).

■ Minnesota Sentencing Guidelines II. D.2(b) provides a nonexclusive list of aggravating factors that the court may consider when departing from the presumptive sentence:

(1) The victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity, which was known or should have been known to the offender;

(2) The victim was treated with particular cruelty for which the individual offender should be held responsible.

\* \* \* \* \* \*

Minn.Sent.Guidelines II.D.2(b)(1), (2). The trial court may depart from the presumptive sentence when the conduct underlying the offense is particularly serious and represents a greater-than-normal danger to the safety of other people. *State, County of Hennepin v. McClay*, 310 N.W.2d 683, 685 (Minn.1981).

In departing from the presumptive sentence for first-degree criminal sexual conduct, the trial court cited as grounds the age of the victim, the kidnapping, the multiple penetrations and the excessive cruelty and degradation involved in the crime.

### A. *Age of the Victim*

■ Allen alleges that the trial court should not have considered the victim's age in departing from the presumptive sentence for first-degree criminal sexual conduct. We disagree. The court in *State v. Skinner* indicated:

Although the Legislature has considered the age of the victim in distinguishing sex offenses by degree, the court can consider age in connection with other facts in determining if the conduct underlying the offense was sufficiently different from the typical conduct so as to justify an upward departure.

*State v. Skinner*, 450 N.W.2d 648, 654 (Minn.App.1990), *pet. for rev. denied* (Minn. Feb. 28, 1990).

The trial court did not abuse discretion in considering age as an aggravating factor justifying upward departure. S.K., the victim of the sexual assault, was 17 years old at the time of the incident. The court acted permissibly in concluding that her youth contributed to her vulnerability and to the trauma that she suffered because of the attack.

### B. *The Kidnapping*

■ Generally, the sentencing court may consider the course of conduct underlying the charge for which the defendant is sentenced. *State v. Cox*, 343 N.W.2d 641, 643 (Minn.1984). When a kidnapping is part of the course of conduct leading to a rape, the abduction may provide "substantial and compelling circumstances" that justify an aggravated sentence. *State v. Yanez*, 469 N.W.2d 452, 457 (Minn.App. 1991), *pet. for rev. denied* (Minn. June 19, 1991).

■ The abduction of S.K. was part of the course of conduct leading to the sexual assault. Accordingly, the trial court did not abuse discretion in citing the kidnapping as an aggravating factor.

### C. *Multiple Penetrations*

■ "Multiple penetrations alone will generally justify a double, but not greater, upward durational departure." *State v. Mesich*, 396 N.W.2d 46, 52 (Minn.App.1986), *pet. for rev. denied* (Minn. Jan. 2, 1987). Multiple penetrations may constitute an aggravating factor where the defendant is involved in only one form of penetration and where others perform further penetrations. *State v. Frank*, 416 N.W.2d 744, 749 (Minn.App.1987), *pet. for rev. denied* (Minn. Feb. 8, 1988).

■ In the sexual assault, Allen performed one penetration, while his accomplices performed the others. The trio forced S.K. to perform fellatio twice and intercourse twice. Because Allen participated in the multiple penetrations of the victim, the trial court was justified in citing this among the aggravating factors.

## D. *Taunts and Degradation*

 The trial court may consider taunts, threats and degradation of the victim as aggravating circumstances justifying upward departure. *See Mesich*, 396 N.W.2d at 53. While one accomplice raped the victim and another verbally taunted her, Allen molested her. Although this court has sentenced defendants whose conduct was more heinous than Allen's, his participation, considered with the other aggravating factors, was sufficiently degrading to justify the limited upward durational departure.

## E. *Psychological Injury*

 Psychological and emotional injury may justify upward departure. *State v. Bingham*, 406 N.W.2d 567, 570 (Minn. App.1987). At the sentencing hearing, S.K. testified that since the assault she had been depressed, her relationships had worsened, she had been having trouble sleeping, and she had lost trust in other people. She also testified that she had been receiving professional psychological therapy and had been taking antidepressant drugs. Her mother testified that the crime had had a negative effect on their family. Consequently, the trial court acted within the broad scope of discretion in citing S.K.'s psychological injuries as an aggravating factor.

 Finally, the sentencing departure in this case was limited. The court raised the first-degree sexual assault sentence to 148 months. This amounted to a departure of 1.6 times the presumptive sentence on that count. The total sentence was 200 months. This sentence amounted to a departure of less than 1½ times the aggregate presumptive sentence. In view of the above-discussed aggravating factors, the limited departure was well within the court's broad discretion.

## II

Allen also alleges that the trial court erred in applying jail credit to only one of his consecutive sentences.

Minnesota Rule of Criminal Procedure 27.03 provides that when imposing a sentence, the court

> [s]hall assure that the record accurately reflects all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed. Such time shall be automatically deducted from the sentence and the term of imprisonment * * *.

Minn.R.Crim.P. 27.03, subd. 4(B).

 In applying credit to consecutive sentences, the supreme court has stated that "the jail credit should be applied to only the first sentence since to do otherwise would constitute 'double credit.'" *Effinger v. State*, 380 N.W.2d 483, 489 (Minn. 1986). Allowing such double credit "would defeat the purpose of consecutive sentencing." *Id.; accord State v. Elting*, 480 N.W.2d 152 (Minn.App.1992).

 Allen argues that the supreme court's decision in *State v. Brom*, 463 N.W.2d 758, 766 (Minn.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1398, 113 L.Ed.2d 453 (1991), authorizes the grant of credit toward each of his consecutive sentences. In *Brom* the court granted credit to the defendant toward each of three consecutive life sentences. *Id.* at 766.

We believe that because the defendant in *Brom* faced consecutive life sentences, that case represents a narrow exception to the general rule of applying credit only to the first of consecutive sentences. Where a court has imposed consecutive *life* sentences, applying credit to only one consecutive sentence results in no credit at all to the sentence, because while the single credited sentence would be reduced, the other life sentences would remain intact. Jail credit must be applied to all of the consecutive life sentences in order to have any real diminishing effect.

The *Brom* court did not purport to overrule *Effinger* in any way. The general rule remains that credit should be applied to the first consecutive sentence only. *Elting*, 480 N.W.2d at 154. The imposition of consecutive life sentences represents an exception that does not apply in this case. Accordingly, the trial court correctly ap-

plied credit to only one of Allen's consecutive sentences.

## DECISION

We hold that the trial court did not err in imposing consecutive sentences together with an upward durational departure. The defendant was convicted of multiple felonies against different victims. Further, the court found that aggravating circumstances existed in view of the victim's age, the abduction, the multiple penetrations, the degrading treatment, and the victim's psychological injuries.

Finally, we hold that the trial court correctly applied jail credit only to the first of consecutive sentences. Credit must be applied to all consecutive sentences only when they are life sentences.

Affirmed.