**STATE of Minnesota, Respondent,**

v.

**Gale Allen RACHUY, Appellant.**

No. C7–92–227.

Court of Appeals of Minnesota.

Jan. 19, 1993.

Review Granted March 16, 1993.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, John Carlson, Pine County Atty., Pine City, for respondent.

John M. Stuart, State Public Defender, Brad Delapena, Asst. State Public Defender, St. Paul, for appellant.

Gale Allen Rachuy, pro se.

Considered and decided by KALITOWSKI, P.J., and HARTEN and FOLEY,* JJ.

## OPINION

KALITOWSKI, Judge.

Appellant was convicted of five counts of theft by swindle in Pine County. Appellant raises numerous issues of procedural and substantive error including improper sentencing and failure of the trial court to give proper jury instructions.

Affirmed.

## FACTS

Appellant was released from jail in Washington County in August 1990 where he was due to go to trial in October 1990 on charges of theft by swindle. These charges stemmed from the sale and nondelivery of log home kits by appellant, operating under the business name Minnesota Log Homes. Following his release from

---

* Retired judge of the Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

custody, appellant continued to advertise under that name and do business with prospective home buyers and log suppliers.

In February 1991, while serving a sentence for the Washington County offenses, appellant was charged with 12 counts of theft by swindle in Pine County. Following a jury trial, appellant was convicted of 5 of the 12 counts.

For the three convictions involving theft over $2,500.00, appellant was sentenced to ten years each. For the remaining two convictions appellant was sentenced to five years each. Two of the ten year sentences were ordered to run consecutively to each other and to appellant's unexpired sentence in Washington County. In all, appellant was sentenced to 20 years for the crimes committed in Pine County to run consecutively to the 12 year sentence appellant was currently serving in Washington County.

Appellant has spent most of his adult life in jail. He has 24 prior felony convictions and a criminal history score of 20 under the Minnesota Sentencing Guidelines. A number of appellant's prior convictions stem from felonious activities while operating under the name Minnesota Log Homes.

### ISSUES

1. Did the trial court err in using Minn. Stat. § 609.152 (1990) in conjunction with the Minnesota Sentencing Guidelines to impose consecutive sentences?

2. Was it error for the trial court to refuse to give a specific jury instruction on the element of intent when requested by appellant?

### ANALYSIS

#### I.

 A trial court's departure from a presumptive sentence under the Minnesota Sentencing Guidelines (the guidelines) will not be disturbed on appeal absent a clear abuse of discretion. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981). As long as the sentence is authorized by law a reviewing court should not disturb it. *See State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981). The construction of Minn.Stat. § 609.152

(1990) is a question of law and is fully reviewable by an appellate court. *See State v. Moore*, 431 N.W.2d 565, 567 (Minn. App.1988) (construing Minn.Stat. § 152.15, subd. 1(1)(i) (Supp.1987)).

Minn.Stat. § 609.152, referred to as the career offender statute, reads in relevant part:

> Whenever a person is convicted of a felony, and the judge is imposing an executed sentence based on a sentencing guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the judge finds and specifies on the record that the offender has more than four prior felony convictions and that the present offense is a felony that was committed as part of a pattern of criminal conduct from which a substantial portion of the offender's income was derived.

Minn.Stat. § 609.152, subd. 3 (1990).

It is not disputed that pursuant to the guidelines the trial court correctly determined that appellant's presumptive sentence for theft by swindle over $2,500.00 was a 48 months executed sentence. Under the guidelines, the sentences for the additional offenses would run concurrently with the executed 48 month sentence. The trial court departed from this presumptive sentence after finding appellant to be a career offender.

It is not disputed that appellant meets all the requirements to be sentenced under the career offender statute. Further, appellant does not claim the trial court erred in applying the statute in sentencing him to the statutory maximum for each conviction: three ten year sentences for the convictions of theft by swindle over $2,500.00 and two five year sentences for the convictions of theft by swindle under $2,500.00.

However, appellant claims the trial court erred in making two of the ten year sentences run consecutively to each other and to the unexpired sentence in Washington County. Appellant argues that Minn.Stat.

§ 609.152, subd. 3 does not allow the trial court to impose consecutive sentences.

We agree that the career offender statute does not specifically refer to consecutive sentencing. However, the guidelines provide assistance in determining whether factors were present in appellant's case to justify the trial court's decision to impose consecutive sentences.

■ The guidelines provide that when a case involves substantial and compelling circumstances, the court may depart from the presumptive sentence and impose any sentence authorized by law. Minn. Sent. Guidelines II.D. One of the factors listed in the guidelines which may be used as a reason for departure is whether the conviction was a major economic offense. Minn. Sent. Guidelines II.D.2.

A major economic offense is defined as

an illegal act or series of illegal acts committed by other than physical means and by concealment or guile to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage

Minn. Sent. Guidelines II.D.2.b(4). Further, if two or more of the following circumstances are present, they are considered aggravating factors with respect to the offense:

(a) the offense involved multiple victims or multiple incidents per victim;

(b) the offense involved an attempted or actual monetary loss substantially greater than the usual offense or substantially greater than the minimum loss specified in the statutes;

(c) the offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;

(d) the defendant used his or her position or status to facilitate the commission of the offense, including positions of trust, confidence, or fiduciary relationships; or

(e) the defendant has been involved in other conduct similar to the current offense as evidenced by the findings of civil or administrative law proceedings or the impositions of professional sanctions. *Id.*

■ The court applied these factors to two of the offenses for which appellant was convicted and found both qualified as major economic offenses. The court also found aggravating factors in that both offenses involved multiple incidents which occurred over a lengthy period of time. Minn. Sent. Guidelines II.D.2.b(4)(a) and (c). We conclude the trial court did not err in determining that these convictions were major economic offenses involving aggravating factors.

■ The purpose of the guidelines is to establish "rational and consistent sentencing standards which reduce sentencing disparity and ensure that sanctions following conviction of a felony are proportional to the severity of the offense of conviction and the extent of the offender's criminal history." Minn. Sent. Guidelines I. Here, appellant's sentence neither thwarts the purpose of the guidelines nor disregards it.

■ Both the Sentencing Guidelines Commission, which promulgates the guidelines, and Minn.Stat. § 609.152 were created by the legislature. It follows that the subsequently enacted Minn.Stat. § 609.152, subd. 3 was intended to allow a sentencing judge to reach a result not provided for under the guidelines alone. In this case, if appellant's sentence under Minn.Stat. § 609.152, subd. 3 is limited to a ten year sentence concurrent with the unexpired sentence in Washington County, the crimes committed in Pine County result in no additional punishment for appellant despite the fact he is a "career offender" as defined by the legislature in the statute. We do not believe this is the result the legislature intended.

Appellant's sentence meets the stated purpose for the guidelines that "convicted felons substantially different from a typical case with respect to relevant criteria ought to receive different sanctions" and that "use of incarcerative sanctions should be limited to those convicted of more serious offenses or those who have longer

criminal histories." Minn. Sent. Guidelines I. The sentencing guidelines grid stops at a criminal history score of "6 or more." Thus, appellant, with 24 prior felony convictions and a criminal history score of 20, has a criminal history which far exceeds the scope of the grid.

A consecutive sentence may not be justified for everyone found to be a career offender under the statute. However, under the unique facts of this case we hold that appellant's sentence is supported by law. We conclude the trial court did not abuse its broad discretion in sentencing appellant and that appellant's sentence, while severe, does not unduly exaggerate the severe criminality of appellant's conduct as a career offender.

## II.

■■■ Refusal to give a proposed jury instruction lies within the discretion of the trial court and there will be no error on appeal absent an abuse of that discretion. *State v. O'Hagan*, 474 N.W.2d 613, 620 (Minn.App.1991), *pet. for rev. denied* (Minn. Sept. 25, 1991). Jury instructions must be viewed in their entirety to see whether they fairly and adequately explain the law of the case. *State v. Flores*, 418 N.W.2d 150, 155 (Minn.1988). The instructions must be read as a whole to see if they contain a material misstatement of the law. *State v. Turnipseed*, 297 N.W.2d 308, 312 (Minn.1980).

■■ Appellant was charged with theft by swindle under Minn.Stat. § 609.52, subd. 2(4) (1990). Appellant, appearing pro se, requested the jury instructions include "the intent portion of 609.02, subd. 9 and 609.52 [subd. 2](3)(b)."

In declining to give an instruction based on Minn.Stat. § 609.52, subd. 2(3)(b), the trial court correctly noted it related to theft by false representation, a crime with which appellant was not charged. We conclude the trial court did not err in refusing to give that instruction.

In declining to give an instruction, based on Minn.Stat. § 609.02, subd. 9 (1990) the trial court characterized it as dealing with the general question of whether someone has the mental ability to form the necessary intent to commit a crime. The court found it inapplicable because this case involved appellant's intent to commit a particular crime, theft by swindle.

The court concluded the standard instruction for theft by swindle was more appropriate. *See* 10 *Minnesota Practice*, CRIMJIG 16.08 (1990). The court did not give a separate instruction as to the definition or meaning of "intent."

In *State v. Belfry*, 353 N.W.2d 224 (Minn.App.1984), *pet. for rev. denied* (Minn. Oct. 30, 1984), the defendant was convicted of theft by swindle. The court instructed the jury on the elements of swindle but did not instruct the jury that criminal intent must be contemporaneous with the act of taking money or property for there to be a swindle. This court stated that the failure of the trial court to instruct on the element of criminal intent contemporaneous with taking was harmless error since each party, and the defendant in particular, had stressed to the jury during closing arguments the necessity of relating intent to the time defendant took the money or property. *Id.* at 226.

Here, appellant's closing argument dealt extensively with his intent when dealing with his victims and expressed his position regarding the failure of the state to prove intent:

> One of the elements of the crime is my intention that I acted with the intention of taking, concealing or keeping the property. Nothing was taken, nothing was concealed, and nothing was kept.
>
> Based on the elements of intent, you must bring back a not guilty verdict.
>
> You've heard what my intent was. My intent was to remain in business. * * * Intent is an element of each and every one of these crimes, what my intent is. Intent is a mental state of mind. I've told you what my intent is. Unless you have something contrary or have something contradictory, if you go by the law of intent and the criminal, criminal jury instructions that the judge has given you, you must find me not guilty.

■ This court has stated that a specifically requested instruction may be rejected if the substance of the proposed instruction is adequately presented by the court. *State v. Saybolt*, 461 N.W.2d 729, 735 (Minn.App.1990), *pet. for rev. denied* (Minn. Dec. 17, 1990). Further, appellant must show the trial court's error in failing to give a requested instruction materially prejudiced his rights. *Peterson v. State*, 282 N.W.2d 878, 881 (Minn.1979).

■ Appellant has not shown the trial court's instruction failed to adequately state the law. The court explained the elements of theft by swindle to the jury including the necessary requirement that "defendant act with the intention of taking or concealing or keeping the property" and that a swindle is the "cheating of another person by a deliberate artifice or scheme." 10 *Minnesota Practice*, CRIMJIG 16.08. Appellant addressed the jury on the issue of intent. We conclude appellant has failed to show he was prejudiced by the failure of the trial court to give the requested instruction. The trial court did not err in refusing appellant's request.

Finally, appellant in a pro se brief to this court raises numerous issues of substantive and procedural error that allegedly occurred at trial. On review, we find no merit to his arguments. Appellant has failed to present any evidence of error which would provide a basis for reversing the jury's decision.

## DECISION

The trial court did not clearly abuse its discretion by applying Minn.Stat. § 609.-152, subd. 3 in conjunction with the Minnesota Sentencing Guidelines to sentence appellant to the statutory maximum on each felony count and make two of the counts run consecutively to each other and to appellant's unexpired prison term in Washington County. It was not reversible error for the trial court to refuse to give a specific intent instruction where the issue of intent was adequately presented to the jury by the parties and where appellant was not prejudiced by the denial of his request.

Affirmed.