**STATE of Minnesota, Respondent,**

v.

**Gale Allen RACHUY, Petitioner,
Appellant.**

**No. C7–92–227.**

Supreme Court of Minnesota.

May 28, 1993.

As Amended on Grant of Limited
Rehearing July 8, 1993.

John M. Stuart, State Public Defender,
Brad Delapena, Asst. State Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen.,
Robert A. Stanich, Sp. Asst. Atty. Gen., St.
Paul, and John K. Carlson, Pine County
Atty., Pine City, for respondent.

SIMONETT, Justice.

The court of appeals affirmed defendant's conviction of and sentence for a number of counts of theft by swindle, 495 N.W.2d 6. We granted defendant's petition for review for the limited purpose of modifying his sentence.

Defendant was charged with a series of thefts by swindle in Washington County in 1990. Following his release on bail in August of that year, he continued his criminal wrongdoing, which resulted in the filing of 12 counts of theft by swindle in Pine County.

Defendant was convicted in Washington County and sentenced to 146 months in prison. In this case we are concerned not with that sentence but with the sentence imposed for the five counts of which he was convicted in Pine County, an aggregate consecutive sentence of 20 years, giving defendant a total of approximately 32 years in prison for the Washington County and Pine County offenses.

Without departing, the trial court in Pine County was free to impose five executed terms of 48 months, the maximum presumptive sentence, but those sentences would have been concurrent with each other and with the previously-imposed Washington County sentence.

Using a double durational departure would not result in a longer period of time actually served in prison because the sentences would still be concurrent. If departing as to consecutive service, however, and using the presumptive sentences appropriately used when sentencing consecutively, the trial court could have imposed five 1-year terms, with each consecutive to each other and to the previously-imposed Washington County sentence. This would have given defendant 60 months or 5 years in addition to the Washington County sentence, a sentence of approximately 17 years for the Washington County and Pine County offenses.

The trial court went far beyond this, imposing the statutory maximum terms of 10 years each for three of the counts and 5 years each for two of the counts and made

two of the 10–year terms consecutive to each other and to the previously-imposed Washington County sentence. This gave defendant an aggregate Washington County–Pine County sentence of approximately 32 years.

The trial court clearly could have departed durationally and imposed the sentences it imposed *if* the trial court had made the sentences concurrent. That is because the career offender statute, Minn.Stat. § 609.-152, subd. 3, gives the trial court a legislatively-created ground for doing so. The statute provides:

> Whenever a person is convicted of a felony, and the judge is imposing an executed sentence based on a sentencing guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the judge finds and specifies on the record that the offender has more than four prior felony convictions and that the present offense is a felony that was committed as part of a pattern of criminal conduct * * *.

However, if the trial court wanted to make these terms run consecutively, it had to also depart as to consecutive service. This is because under Minnesota Sentencing Guidelines II.F. consecutive sentencing is not "permissive" in the circumstances of this case but requires the articulation by the trial court of aggravating circumstances.

The trial court and the court of appeals tried to justify the additional departure by saying that the departure as to consecutive service was allowed because defendant's offense was a "major economic offense," Minnesota Sentencing Guidelines II.D.2. Defendant's attorney bases defendant's argument against this not on any disagreement with the conclusion that defendant's offense was a "major economic offense." Rather, defendant's attorney, relying on the wording of section 609.152, subd. 3, argues that the career-offender ground for departure applies, according to the terms of the statute, only when the sentence im-

posed is otherwise a presumptive sentence according to the Sentencing Guidelines, something that is not the case here because consecutive sentencing is not presumed in this case. Thus, defendant argues, since a departure as to consecutive service was used, the trial court was not free to rely on the career-offender statute.

In *State v. Wellman*, 341 N.W.2d 561, 566 (Minn.1983), we said that under the logic of the so-called *Evans* doubling rule [1] generally "it would be a violation of the [*Evans* rule] to * * * use the aggravating circumstances in * * * a case to justify an additional departure, with respect to consecutive sentence, over and above the double departure as to duration." The only exception is when "severe aggravating circumstances" are present, as in *Wellman*, in which case the trial court may use both a durational departure and a departure as to consecutive service to obtain a sentence longer than two times the presumptive sentence duration.

While we believe that the trial court was free to depart durationally *or* with respect to consecutive service, we conclude that it was not free to do *both* in this case. Accordingly, we modify defendant's Pine County sentence to five consecutive 1–year terms,[2] with the time running consecutively to the Washington County sentence.

Affirmed as modified.

TOMLJANOVICH, J., dissents.

TOMLJANOVICH, Justice (dissenting).

Because I would affirm the court of appeals, I respectfully dissent.

The trial court examined the facts and acted within its discretion in sentencing defendant to 20 years consecutive to the Washington County sentence.

The defendant had 24 felony convictions prior to the sentencing on the four felony and one misdemeanor offenses in the Pine County case. As the trial court observed, "this is *not* the ordinary case." Trial Court Findings of Fact, Conclusions of Law, Order and Memorandum of November 20, 1991, p. 3 (emphasis in original).

1. *See State v. Evans,* 311 N.W.2d 481 (Minn. 1981).

2. As is made clear in footnote 1 of Minnesota Sentencing Guidelines Grid, when the Grid re-

fers to a presumptive sentence as a 1–year or 12–month sentence, the sentence intended is the minimum felony sentence of 1 year and 1 day.

The trial court found that the defendant was without remorse and consistently stated that the victims were the wrong doers, not him. The trial court also noted that Mr. Rachuy interrupted his observations on Rachuy's criminal record "and stated unequivocally that he intended to 'do it again.'" *Id.* at 2.

In 1989 the Minnesota Legislature adopted Minn.Stat. § 609.152, subd. 3, the Career Offender Statute. The statute provides that the sentencing court may depart from the sentencing guidelines' presumptive sentence, up to the statutory maximum where the offender is a career offender. The statute defines a career offender as one who has more than four prior felony convictions and the present felony was committed as part of a pattern of criminal conduct from which a substantial portion of the offenders' income was derived. On appeal Mr. Rachuy did not challenge the finding that he was a "career offender."

The cases relied upon by the majority to reduce the sentence were decided prior to the enactment of Minn.Stat. § 609.152, subd. 3. The statute clearly was intended as an exception to the sentencing guidelines.

The trial court best summed up the reasons for the departure in its sentencing memorandum:

When one observes this defendant's aggravated criminal history, together with observing his amusement at the frustration of his victims, together with his defiant attitude at sentencing (illustrated best by his remarkable promise to re-offend), it is clear that a failure to depart from a presumptive sentence of 44 months in favor of an aggravated durational departure to the statutory maximum of ten years and consecutive to each other in at least Counts II and III would be to completely abandon public safety as one of the goals of sentencing.

*Id.* at 3.

I would affirm the court of appeals and the trial court.