STATE of Minnesota, Respondent,

v.

Byron K. ANDERSON, Appellant.

No. C9–94–282.

Court of Appeals of Minnesota.

Aug. 16, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty., Mary Yunker, Asst. Stearns Cty. Atty., St. Cloud, for respondent.

Lawrence Nichols, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and RANDALL and AMUNDSON, JJ.

## OPINION

PARKER, Presiding Judge.

Byron K. Anderson pled guilty to two counts of first degree criminal sexual conduct. The trial court sentenced Anderson to two consecutive prison terms. The court awarded jail credit for time spent in custody for the first offense, but denied jail credit for the second offense. The trial court also ordered Anderson to pay restitution to the Minnesota Crime Victims Reparations Board. Anderson challenges the sentencing, jail credit, and restitution orders.

## FACTS

JMJ was sexually assaulted in Pope County in November 1990. PAS was sexually assaulted in Stearns County in September 1992. Appellant Byron Anderson was arrested and placed in custody for the Stearns County offense on November 25, 1992. DNA testing linked him to the Pope County assault. He was transported from Stearns County to the Pope County jail on December 10, 1992. Anderson was charged with two separate counts of first degree criminal sexual conduct pursuant to Minn.Stat. § 609.342 subd. 1(e)(i); subd. 2 (1992).

Anderson negotiated guilty pleas for both charges. He was sentenced in Pope County to 103 months imprisonment and given jail credit from the date he was transported to Pope County (December 10, 1992) to the date of sentencing (April 21, 1993). At the Stearns County plea hearing, the prosecutor agreed to dismiss another pending charge in Rice County and to ask the sentencing judge for no more than a 67 month sentence for the

Stearns County offense. The prosecutor also stated that no restitution would be sought "by the victim," who suffered a monetary loss of $627.58. The victim's expenses were reimbursed by the Minnesota Crime Victim's Reparations Board (Crime Board).

Anderson was sentenced in Pope County to 103 months imprisonment and later sentenced in Stearns County to 170 months, which included 103 months from the Pope County incident and 67 months to be served consecutively for the Stearns County incident. The Stearns County court granted Anderson jail credit for time served from the date of arrest (November 25, 1992) to the date of custody in Pope County (December 9, 1992), but denied jail credit for time spent in custody awaiting sentencing for the Stearns County offense. Anderson was also ordered to pay $627.58.

## ISSUES

I. Did the trial court abuse discretion in imposing a consecutive sentence where the presumptive sentence was not given for the most severe current conviction and the second sentence was not for a prior felony?

II. Did the trial court err in applying jail credit to only one of two consecutive sentences?

III. Was it an abuse of discretion to order restitution payment to the Minnesota Crime Victim's Reparations Board?

## DISCUSSION

### I.

The Stearns County District Court sentenced Anderson to a 67 month consecutive term for the second criminal sexual conduct charge. The trial court has great discretion in imposing a sentence, and as long as it is authorized by law, a reviewing court will not disturb it. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). A decision to depart from the sentencing guidelines generally rests within the trial court's discretion and will not be reversed absent a clear abuse of discretion. *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981). Upward departure from the sentencing guidelines requires substan-

tial and compelling aggravating circumstances. *State v. Best,* 449 N.W.2d 426, 427 (Minn.1989).

The Minnesota Sentencing Guidelines allow permissive consecutive sentencing in the following circumstances:

1. When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines * * * The use of consecutive sentences in any other case constitutes a departure from the guidelines.

Minn. Sent. Guidelines II.F. Compliance with this provision provides the court with discretion to impose a permissive consecutive sentence without departing from the guidelines.

Anderson argued in his brief that the phrase "when the sentence for the most severe current conviction is executed according to the guidelines" means that the first imposed sentence must be in accord with the sentencing guidelines both dispositionally and durationally to justify a consecutive sentence. In this case, the sentencing guidelines presume a sentence of 81 months. Because the 67 month sentence is not in accord with the guidelines (14 months less than presumed), Anderson contends that the 67 month sentence must be imposed concurrently rather than consecutively. The state interprets the contested phrase as permitting a consecutive sentence if the sentence for the most current conviction is "executed" rather than "stayed."

Anderson conceded at oral argument that the state's interpretation of consecutive sentencing requirements under the sentencing guidelines is correct. This court has interpreted Minnesota Sentencing Guidelines II.F. (permissive consecutive sentencing) as requiring the most severe offense to carry a presumptively *executed* sentence rather than a stayed sentence. *State v. Lindsey,* 314 N.W.2d 823, 825 (1982), *pet. for rev. denied* (Minn. March 5, 1982); *State v. Bicek,* 429 N.W.2d 289, 291–2 (Minn.App.1988), *pet. for rev. denied* (Minn. Nov. 23, 1988) (emphasis

added), (see also, State v. Anderson, 463 N.W.2d 551, 554 & n. 3 (Minn.App.1990), pet. for rev. denied (Minn. Jan. 14, 1991) (upholding a consecutive sentence under II.F. where sentence for most severe current conviction is executed rather than stayed).

At oral argument, Anderson advanced an additional contention concerning the language, "when a prior felony sentence for a crime against a person has not expired." Minn. Sent. Guidelines II.F. We address this issue because it concerns related subject-matter. The relevant events occurred in the following order: (1) felony in Pope County; (2) felony in Stearns County; (3) sentencing in Pope County; and (4) sentencing in Stearns County. According to Anderson, to establish a criminal history there must be a "prior sentence" and the second sentence must be for a "prior felony." Anderson believes that a permissive consecutive sentence is improper because the Stearns County offense occurred after the Pope County offense and was therefore not a "prior felony."

▌ We find no authority and no reasoned basis for Anderson's proposition. In determining how criminal history is computed, section II.B. of the sentencing guidelines contains no reference to the time of the commission of the offense, but rather addresses the time of imposition of sentence. See e.g. Minn. Sent. Guidelines II.B.1, (stating that criminal history score is computed by assigning "one point for every felony conviction for which a felony sentence was stayed or imposed before the current sentencing."). When computing the criminal history score, "sentences must occur in the order in which the offenses were committed." Minn. Sent. Guidelines Index, II.B.101, State v. Anderson, 345 N.W.2d 764, 766 (Minn. 1984) (emphasis added). "Prior felony sentence" is a term of art. The term "prior" modifies the word "sentence," it does not modify the word "felony." This phrase means that criminal history is incurred at the time the trial judge pronounced sentence on the defendant, not the time when the prior felony occurred. The relevant language of section II.F. authorized a permissive consecutive sentence, and the trial court acted within the scope of discretion in sentencing Anderson consecutively.

## II.

▌ The trial court applied jail credit for the time from arrest until sentencing for the Pope County offense, but denied credit for time from commitment in Pope County until sentencing for the Stearns County offense. Generally, a criminal defendant is entitled to credit for any time spent in jail between the time of arrest and sentencing. State v. Goar, 453 N.W.2d 28, 30 (Minn.1990). When applying credit to consecutive sentences, however, credit is applied only to the first sentence, since to do otherwise would constitute "double credit" and defeat the purpose of consecutive sentencing. State v. Allen, 482 N.W.2d 228, 233 (Minn.App.1992), pet. for rev. denied (Minn. Apr. 13, 1992). Anderson concedes that if the consecutive sentence is upheld, the trial court's grant of jail credit is proper. Because we hold that the permissive consecutive sentence is proper in this case, the trial court did not err in denying Anderson's request for additional jail credit.

## III.

▌ Anderson contends that the state agreed not to seek restitution, and therefore the trial court erred by ordering him to pay restitution to the Crime Board. Generally, a trial court has wide discretion in ordering restitution. State v. Anderson, 507 N.W.2d 245, 246 (Minn.App.1993), pet. for rev. denied (Minn.Dec.1993). A plea bargain will "severely" limit that discretion. United States v. Runck, 601 F.2d 968, 970 (8th Cir.1979), pet. for rev. denied (Aug. 21, 1979). If a guilty plea is properly tendered, the trial court judge must accept or reject the guilty plea "on the terms of the plea agreement." Minn.R.Crim.P. 15.04 subd. 3(1). Furthermore, an unqualified promise which is part of a plea agreement must be honored. Kochevar v. State, 281 N.W.2d 680, 687 (Minn. 1979).

Anderson seeks specific performance of the plea agreement which, he contends, precludes restitution. At the plea hearing, the prosecutor informed the court:

[A]ll expenses for restitution were reimbursed by the crimes reparation board. The victim of this offense will not seek a restitution from this court.

During questioning, defense counsel asked Anderson whether he understood that "the state" would not seek to impose restitution, and Anderson responded in the affirmative. The prosecutor did not object to this statement. Later, at the sentencing proceeding, the prosecutor asserted:

[W]e would ask the court to order restitution to the Minnesota Crime Board in the amount of $627.58. It was agreed that the victim in this matter would not personally request restitution from this court because restitution had been provided by the Crime Board and that is a request for restitution from the Crime Board.

The trial court ordered restitution payment of $627.58 to the Crime Board. Anderson asserts that the restitution order dishonored the terms of his plea agreement.

We need not interpret whether the parties contemplated restitution to the Crime Board. The Minnesota Crime Victim's Reparations Board, established under Minn.Stat. § 611A.55 (1984), was granted a statutory *subrogation* right to recover reparations paid to crime victims:

The state shall be subrogated, to the extent of reparations awarded, to all the claimant's rights to recover benefits or advantages for economic loss from a source which is or, if readily available to the victim or claimant would be, a collateral source.

Minn.Stat. § 611A.61 (1992). A subrogor is generally entitled to no greater rights than those possessed by the subrogee. *Group Health, Inc. v. Heuer,* 499 N.W.2d 526, 529 (Minn.App.1993) (citing *Travelers Indem. Co. v. Vaccari,* 310 Minn. 97, 102, 245 N.W.2d 844, 847 (1976)). Although the Crime Board

is generally authorized to recover reparations paid to crime victims, in this case the prosecutor and Anderson agreed that the victim would not seek restitution. Since the victim's right to reparation was relinquished in the plea bargain, the Crime Board is no longer entitled to assert those rights.

Anderson challenges the fairness of the prosecutor's demand for restitution to the Crime Board after promising that the victim would seek no restitution. There is considerable merit to his argument based on the particular facts of this case. The defendant expressed a justified belief that no restitution would be sought. The prosecutor failed to clarify that expectation but later asked for restitution. The prosecutor's conduct could create an appearance of overreaching. Plea agreements must be negotiated in good faith, and unqualified promises must be honored in order to maintain public respect for the integrity of the state's criminal process. Without deciding issues regarding unfairness, we hold that the trial court erred in awarding restitution to the Crime Board, since its rights were subrogated to the rights of the victim and those were relinquished by the plea agreement.

**DECISION**

It was not an abuse of discretion to impose consecutive sentences and to deny additional jail credit for the second offense. The trial court erred in ordering Anderson to pay restitution to the Minnesota Crime Victim's Reparations Board.

**Affirmed in part, reversed in part.**