529 N.W.2d 501 (1995)
STATE of Minnesota, Respondent,
v.
Enrico Antonio FLEMINO, Appellant.
No. CX-94-1523.
Court of Appeals of Minnesota.
April 4, 1995.
Review Denied May 31, 1995.
*502 Hubert H. Humphrey, III, Atty. Gen., Susan Gaertner, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.
John M. Stuart, State Public Defender, Evan W. Jones, Asst. State Public Defender, Minneapolis, for appellant.
Considered and decided by DAVIES, P.J., RANDALL, and MULALLY,[*] JJ.

OPINION
EDWARD D. MULALLY, Judge.
Appellant Enrico Antonio Flemino, convicted of two counts of felon in possession of a handgun, appeals his sentence for the statutory maximum of 60 months under the career offender statute, Minn.Stat. § 609.152, subd. 3 (1992). We affirm.

FACTS
Twenty-year-old Flemino was convicted of two counts of felon in possession of a handgun under Minn.Stat. § 624.713, subds. 1(b), 2 (1992). At sentencing, his total criminal history score was ten. The ten points reflected: (1) four motor vehicle offenses committed as a 16 and 17-year-old; (2) seven motor vehicle theft and third degree burglary felony convictions as a 17 and 18-year-old; and (3) possession of a handgun by a prohibited person while on supervised release. The only break between these twelve offenses was two years of incarceration immediately preceding the present possession convictions.
The presumptive sentence for Flemino's present convictions was 28 months. Pursuant to the career offender statute, he received 60 months.

ISSUE
Did the sentencing court properly find appellant to be a career offender under Minn. Stat. § 609.152, subd. 3 (1992)?

ANALYSIS
Since August 1, 1990, "career offenders" may receive an aggravated durational departure from the presumptive sentence. 1989 Minn.Laws ch. 290, art. 2, §§ 9, 18. The statute states:
Whenever a person is convicted of a felony, and the judge is imposing an executed sentence based on a sentencing guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the judge finds and specifies on the record that the offender has more than four prior felony convictions and that the present offense is a felony that was committed as part of a pattern of criminal conduct.
Minn.Stat. § 609.152, subd. 3 (1992). Here, the court specifically found that Flemino had *503 more than four prior felony convictions and that the present offense was part of a pattern of criminal conduct. Consequently, the court sentenced Flemino to the statutory maximum of 60 months as a "career offender," instead of the presumptive term of 28 months under the sentencing guidelines.
It is undisputed that Flemino has the requisite four felony convictions  he has seven prior to the present convictions. The question raised on appeal is whether Flemino's convictions for felon in possession of a handgun satisfied the requirement that they be "committed as part of a pattern of criminal conduct." This presents an issue of statutory construction: Whether the legislature intended to extend an aggravated durational departure to a young offender with Flemino's criminal history.
This court will not disturb a trial court's departure from a presumptive sentence absent a clear abuse of discretion. State v. Rachuy, 495 N.W.2d 6, 8 (Minn.App. 1993), aff'd as modified, 502 N.W.2d 51 (Minn.1993). Construction of a statute, however, is a question of law, fully reviewable by this court. Id.
According to the preamble of the act, the career offender subdivision is one part of the statute expressly enacted to permit "courts to sentence dangerous offenders and career criminals to longer periods of incarceration." 1989 Minn.Laws ch. 290. In addition to the career offender subdivision, the statute increases sentences for "dangerous offenders" who have perpetrated specific "violent" crimes. Minn.Stat. § 609.152, subd. 2 (1992); see also id., subd. 2a (Supp.1993) ("dangerous repeat offenders"). Unlike the specificity of the dangerous offender subdivision, subdivision 3 is simply aimed at "career" offenders whose "present offense is a felony that was committed as part of a pattern of criminal conduct." Id., subd. 3 (1992).
When the career offender statute was enacted in 1989, it contained additional restrictive language requiring that the felony be part of a pattern of criminal conduct "from which a substantial portion of the offender's income was derived." 1989 Minn.Laws ch. 290, art. 2, § 9. The bill's sponsor clarified that
this is trying to get at the career criminal who is a professional in the sense that he or she is living off the crime * * * the professional drug pusher, the professional burglar, the professional shoplifter, those type of criminals.
Hearing on H.F. No. 282 Before the House Judiciary Committee (Feb. 13, 1989) (statement of Rep. Carruthers). At the time of Flemino's sentencing, the career offender statute no longer contained the income requirement, and the legislative history supplies no explanation for the deletion. See 1992 Minn.Laws ch. 571, art. 2, § 10 (amending Minn.Stat. § 609.152, subd. 3).
Aside from a means of support, "career" suggests a timeframe beyond a temporary activity or pastime. For example, it is commonly used to refer to "an occupation or profession engaged in as a life-work." 1 The New Shorter Oxford English Dictionary 339 (1993). Used as an adjective, it is often used as "pursuing a normally temporary activity as a lifework [e.g.,] a career soldier." Webster's New World Dictionary of the American Language 215 (2d College ed. 1976). Thus, absent the income requirement of the original career offender subdivision, the statute simply targets offenders whose primary occupation is committing crimes or whose lifestyle is one of criminality.
Flemino has a history of criminal activity beginning at age 16. From his first motor vehicle theft offense as a juvenile[1] to the most recent incident of felon in possession of a handgun, Flemino's regular criminal activity has spanned four and one-half years, including two years of incarceration. There is no indication that his criminal activity has been temporary or sporadic in nature.
*504 Although the statute does not require that the offenses be related in any particular way, except that they be "criminal," Flemino argues that they must be "related" to establish a "pattern" of criminal conduct. We agree that a "pattern" is necessary as it is expressly written into the statute, but we disagree that the offenses need be of a similar type. Such an interpretation could result in an aggravated durational departure where the offense was similar while less severe, while being inapplicable to a dissimilar but more severe offense. We cannot assume that the legislature would allow longer prison sentences for a less severe but "similar" offense while disallowing it for a more severe, but different type of offense. In any event, all of the offenses at issue here are felonies. There is also a graduation in severity of the criminal activity. Flemino's criminal history commences with juvenile property offenses  theft of motor vehicles. It proceeds to adult motor vehicle thefts and third-degree burglary. It culminates in known prohibited conduct  possession of a dangerous weapon  after multiple felony convictions and two years of incarceration. The pattern is one of increasing dangerousness.

DECISION
A criminal defendant who has seven prior felony convictions and who is convicted of two additional felonies is a career offender where the defendant's criminal history spans four and one-half years during which the criminal activity was regular and of an increasingly dangerous nature. Therefore, the sentencing court properly imposed the aggravated durational departure available under the career offender statute, Minn.Stat. § 609.152, subd. 3 (1992).
Affirmed.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.
[1] Flemino's four juvenile offenses were committed after his 16th birthday. See State v. Jones, 402 N.W.2d 231, 235 (Minn.App.1987) (any offenses committed before 16th birthday not considered in criminal history), pet. for rev. denied (Minn. Apr. 29, 1987); see also Minn. Sent. Guidelines 11.B.104 cmt. (allows limited use of juvenile history in calculating defendant's criminal history).