STATE of Minnesota, Respondent,

v.

Rickford MUNGER, Appellant.

No. C0–98–1524.

Court of Appeals of Minnesota.

June 29, 1999.

Review Denied Aug. 25, 1999.

Mike Hatch, Attorney General, Natalie E. Hudson, Assistant Attorney General, St. Paul; and Raymond F. Schmitz, Olmsted County Attorney, Rochester, for respondent.

John M. Stuart, State Public Defender, Susan J. Andrews, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge, TOUSSAINT, Chief Judge, and WILLIS, Judge.

## OPINION

WILLIS, Judge

Appellant Rickford Munger challenges his conviction on the ground the district court erred in refusing to allow him to impeach a witness with evidence of a prior conviction of giving a false statement, arguing that the witness's conviction was not stale. He also claims the district court erred in imposing a 68–month sentence that is to be served consecutively to his sentences for prior felony convictions, arguing that the court cannot increase his sentence both durationally and with respect to consecutive service unless severe aggravating factors are present. We affirm.

## FACTS

Appellant was charged with one count of second-degree assault, in violation of Minn. Stat. § 609.222, subd. 1 (1996), and one count of false imprisonment, in violation of Minn.Stat. § 609.255, subd. 2 (1996). The state filed an amended complaint against appellant on March 2, 1998, adding two counts of kidnapping, in violation of Minn. Stat. § 609.25, subds. 1(2)-(3), 2(1) (1996).

Before appellant's jury trial began, the district court granted the state's motion in limine to prevent appellant from impeaching one of the state's witnesses with evidence of a prior conviction of giving a false statement. The court excluded evidence of the conviction as stale under Minn. R. Evid. 609(b). The jury found appellant guilty of second-degree assault and not guilty of the charges of kidnapping and false imprisonment.

At appellant's sentencing hearing, the district court imposed a 68–month sentence that was to run consecutively to his sentences for two prior first-degree burglary convictions. The court also departed upwardly from the 21–month presumed sentence for second-degree assault, pursuant to Minn.Stat. § 609.152, subd. 3 (1996) (providing increased sentences for career offenders). This appeal followed.

## ISSUES

1. Did the district court abuse its discretion in refusing to allow appellant to impeach one of the state's witnesses with evidence of a prior conviction of giving a false statement?

2. Did the district court abuse its discretion by imposing a 68–month consecutive sentence?

## ANALYSIS

### I.

■ Appellant claims the district court erred in refusing to allow him to impeach his brother, a witness for the state, with evidence of his brother's prior conviction of giving a false statement, arguing that the conviction was not stale. District courts have broad discretion in determining whether to allow evidence of a prior conviction for purposes of impeachment. *State v. Gassler*, 505 N.W.2d 62, 67 (Minn. 1993). We will not reverse such a ruling absent a clear abuse of discretion. *State v. Ihnot*, 575 N.W.2d 581, 584 (Minn.1998).

### A. Minn. R. Evid. 609(b)

Under Minn. R. Evid. 609(b), evidence of a conviction

> is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

*Id.* Although the rule does not specify an endpoint for the ten-year period, the Minnesota Supreme Court recently addressed this issue in *Ihnot*, 575 N.W.2d at 584 (analyzing whether conviction is stale for impeachment purposes under rule 609(b)).

In *Ihnot*, the supreme court expressed concern with using either the date of the current trial or the date of the witness's current testimony as the appropriate endpoint for the ten-year period. *See* 575 N.W.2d at 585 (stating that those dates may be manipulated through dilatory tactics and have no policy justification). The supreme court also stressed that if convictions "lose their probative value" for impeachment purposes after ten years of good behavior, then courts should measure the period of unquestioned good behavior. *Id.* (citation omitted). The court therefore held "that the date of the charged offense is the appropriate end point" for the ten-year period. *Id.*

Appellant's brother was convicted in November 1986 of making a false statement; he served 18 months in jail and was released in March 1988. The conduct forming the basis for the four charges against appellant occurred in May 1997, and appellant's brother testified on April 28, 1998. Appellant therefore asserts that under the rule in *Ihnot*, his brother's conviction was not stale, and the district court should have admitted evidence of the conviction for the limited purpose of allowing appellant to attack his brother's credibility. *See* Minn. R. Evid. 609(a) (permitting impeachment of witness by evidence of crime involving dishonesty or false statement).

But in *Ihnot*, the witness whose credibility was subject to impeachment by evidence of a prior conviction was also the defendant charged with a criminal offense. 575 N.W.2d at 585. The state asserts that application of the rule in *Ihnot* should be limited to cases involving the impeachment of criminal defendants, arguing that the date of appellant's charged offenses has no relevance to the conduct of anyone but appellant and that it is illogical to impute such an endpoint to his *brother's* period of unquestioned good behavior.

■ We agree with the state's reasoning and decline to extend the rule in *Ihnot* to this circumstance. We are mindful of the concerns expressed by the supreme

court regarding the possibility of manipulation of the trial date or the date of a witness's testimony, but we conclude that there is no basis in logic or policy for using the date of a charged criminal offense as the endpoint for a witness other than the criminal defendant. Thus, the district court did not abuse its discretion in refusing to allow appellant to impeach one of the state's witnesses with evidence of a prior conviction of giving a false statement, where the witness's release from confinement occurred more than ten years before both the start of the trial in which the witness testified and the date of his testimony.

## II.

■ Appellant claims the district court erred by imposing a 68–month consecutive sentence, arguing that the court cannot increase his sentence both durationally and with respect to consecutive service unless severe aggravating factors are present. District courts have great discretion in imposing sentences, and we will not disturb a sentence if it is authorized by law. *State v. Anderson*, 520 N.W.2d 184, 186 (Minn.App.1994).

### A. Consecutive Sentencing

■ The sentencing guidelines provide for both presumptive and permissive consecutive sentencing. Minn. Sent. Guidelines II.F. When a current felony conviction is for a crime against a person and the presumptive disposition for that offense is commitment to the Commissioner of Corrections, the guidelines permit a court to impose a sentence that is to be served consecutively to a prior felony sentence for a crime against a person that has not expired or been discharged. Minn. Sent. Guidelines II.F.1. Under these circumstances, permissive consecutive sentencing is not a departure. *Id.* The deci-

sion to impose a consecutive sentence is within a district court's discretion. *State v. Allen*, 482 N.W.2d 228, 231 (Minn.App. 1992), *review denied* (Minn. Apr. 13, 1992).

In April 1997, appellant was sentenced to 60 months in prison for his convictions of two counts of first-degree burglary; execution of those sentences was stayed. Before sentencing appellant for his current conviction, the district court executed the previously stayed sentences. The court then concluded that consecutive sentencing was permissive and that the circumstances justified a consecutive sentence.

■ Appellant argues that the district court improperly classified his burglary convictions as crimes against persons and that, therefore, a consecutive sentence is not permissive under the guidelines.[1] *See State v. Henderson*, 394 N.W.2d 561, 564 (Minn.App.1986) (holding that, for purposes of consecutive sentencing under guidelines, first-degree burglary may, depending on facts, be treated as crime against person) (citing *State v. Nunn*, 297 N.W.2d 752, 754 (Minn.1980)), *review denied* (Minn. Dec. 17, 1986). But in *Nunn*, the Minnesota Supreme Court stated that

> a burglary of a dwelling * * * should not be deemed a purely property offense because * * * such an offense always carries with it the possibility of violence and therefore some special risks to human life.

297 N.W.2d at 754. Because both of appellant's previous convictions for burglary involved entry into a dwelling while another person was present, the district court properly classified the convictions as crimes against persons.

In a pro se supplemental brief, appellant argues that the imposition of a consecutive sentence unduly exaggerates the criminality of his conduct, citing *State v. Halvorson*, 506 N.W.2d 331, 340 n. 2 (Minn.App.1993)

---

1. Appellant did not present this argument to the district court at his sentencing hearing. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that appellate courts generally review only those issues raised before district court). In fact, appellant admitted that his "burglaries are crimes of violence."

(noting *State v. Swanson*, 498 N.W.2d 435, 440 (Minn.1993), and *State v. Norris*, 428 N.W.2d 61, 70 (Minn.1988), for proposition that permissive consecutive sentence must not unfairly exaggerate criminality of defendant's conduct). But none of these cases involved application of permissive consecutive sentencing under the sentencing guidelines.

The parties do not dispute that the current offense of second-degree assault is a crime against a person or that its presumptive disposition is commitment to the Commissioner of Corrections under Minn. Sent. Guidelines II.C. Because the district court properly classified appellant's prior burglary convictions as crimes against persons, the court did not abuse its discretion by imposing a consecutive sentence here.

### B.   Career–Offender Statute

▮ In addition to imposing a consecutive sentence for appellant's conviction of second-degree assault, the district court also departed upwardly from the presumptive sentence of 21 months, pursuant to the career-offender statute. *See* Minn.Stat. § 609.152, subd. 3 (1996) (providing for increased sentences when offender has more than four prior felony convictions and current offense is felony committed as part of pattern of criminal conduct).[2] The decision to depart from the sentencing guidelines rests within the district court's discretion and will not be reversed absent a clear abuse of that discretion. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981).

Appellant argues that, when sentencing under the career-offender statute, the district court may not depart durationally and with respect to consecutive service unless severe aggravating circumstances are present, citing *State v. Rachuy*, 502 N.W.2d 51, 52 (Minn.1993). He claims there are no such circumstances justifying the court's "two-way departure." *See id.*

(citing *State v. Wellman*, 341 N.W.2d 561, 566 (Minn.1983) (holding that presence of "severe aggravating circumstances" justified use of both durational departure and departure with respect to consecutive service)).

▮ But in *Rachuy*, the circumstances did not allow "permissive" consecutive sentences under section II.F. and, instead, required articulation by the district court of aggravating circumstances. *Id.* at 52; *see also* Minn. Sent. Guidelines II.F. (providing that, unless presumptive or permissive, use of consecutive sentencing constitutes departure from guidelines, requiring articulated reasons). Because consecutive sentencing was permissive here and was not a departure under the guidelines, *Rachuy* does not apply, permitting a durational departure based on the career-offender statute without the articulation of severe aggravating circumstances.

▮ In determining appellant's presumptive sentence of 21 months for his current conviction, the district court did not use appellant's criminal history score of ten. The court correctly reduced his score to zero as required by Minn. Sent. Guidelines II.F. (stating that unless sentence is presumptively consecutive, criminal history score of zero is used in determining presumptive duration for offense sentenced consecutively to another offense). Pursuant to the career-offender statute, the district court did not abuse its discretion by imposing an upward durational departure of 68 months. *See* Minn. Stat. § 609.152 (allowing departure up to statutory maximum sentence).

### DECISION

The date of the charged offense is not the appropriate endpoint for the ten-year period after which prior convictions are stale under Minn. R. Evid. 609(b) for the

---

**2.**  Section 609.152 was repealed effective August 1, 1998. 1998 Minn. Laws ch. 367, art. 6, § 16, 17; *see also id.*, § 7 (enacting Minn. Stat. § 609.1095 (providing increased sentences for certain dangerous and repeat felony offenders)). Appellant's sentencing hearing was held on June 15, 1998.

purpose of attacking the credibility of a witness other than the defendant charged with the offense. The district court did not, therefore, abuse its discretion in refusing to allow appellant to impeach one of the state's witnesses with evidence of a prior conviction, where the witness's release from confinement occurred less than ten years before appellant was charged but more than ten years before both the start of the trial in which the witness testified and the date of his testimony.

In addition, because consecutive sentencing was permissive and because the career-offender statute allowed an upward durational departure, the district court did not abuse its discretion in imposing a 68–month consecutive sentence.

**Affirmed.**