*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1783**

Cormell DeAndre Williamson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 14, 2014
Affirmed
Larkin, Judge**

Redwood County District Court
File No. 64-K3-99-000665

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica M. Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Steven Collins, Redwood County Attorney, Redwood Falls, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Larkin, Judge; and Toussaint, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief, arguing that the department of corrections improperly extended his conditional-release expiration date by failing to credit the time he was incarcerated for supervised-release violations against his conditional-release period. Because appellant is not entitled to credit against his conditional-release period for time spent incarcerated on supervised-release violations, we affirm.

## FACTS

A jury found appellant Cormell DeAndre Williamson guilty of first-degree criminal sexual conduct. The district court sentenced him to serve 146 months in prison. The district court later amended the sentence to 134 months in prison. The sentence consisted of a term of imprisonment and a period of supervised release. Williamson served some of what would have been supervised-released time in prison, because he was alleged to have violated his supervised-release conditions.

Williamson's sentence also included a five-year conditional-release period. The department of corrections (DOC) originally set a conditional-release expiration date of February 10, 2013, but it later extended the date to March 10, 2014. Williamson sought postconviction relief, claiming that the extended conditional-release date was an illegal sentence. He argued that his "entire [41-month] supervised release term must be deducted from the conditional release period in this case, regardless of any time [he] spent in custody during that period of supervised release." The district court summarily

denied Williamson's petition for postconviction relief, and Williamson appealed to this court.

## D E C I S I O N

When reviewing a postconviction court's decision to grant or deny relief, issues of law are reviewed de novo. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). This court reviews de novo the interpretation of a sentencing statute. *State v. Flemino*, 529 N.W.2d 501, 503 (Minn. App. 1995), *review denied* (Minn. May 31, 1995).

Williamson argues that the DOC's extended conditional-release expiration date is illegal because (1) the DOC did not deduct "his entire 41 months of supervised release . . . from his five-year period of conditional release" and (2) a supervised-release period runs, and therefore must be deducted from the conditional-release period, "regardless of whether or not the defendant is in custody." In sum, Williamson contends that his entire 41-month supervised release period—including the time he was incarcerated for violations—should have been credited against his five-year conditional release period.[1]

But this court recently held that:

> Supervised release is the portion of an executed sentence when the offender is released into the community under supervision. When an offender's supervised release is revoked and the offender is returned to prison, the offender is not serving on supervised release, and the offender's conditional release should not be reduced by the time spent in prison after supervised release was revoked.

*State v. Ward*, ___ N.W.2d ___, ___, 2014 WL 1408059, at *1 (Minn. App. Apr. 14, 2014), *review granted* (Minn. June 17, 2014); *see also State v. Schnagl*, No. A13-1332,

---

[1] The extended conditional-release expiration date of March 10, 2014 has now passed.

2013 WL 6152348, at \*5 (Minn. App. Nov. 25, 2013), *review granted* (Minn. Feb. 18, 2014) (reasoning that "if an offender is in confinement due to a violation of a disciplinary rule adopted by the commissioner, he is not on supervised release [a]nd . . . only the time the offender spent on supervised release is deducted from the offender's conditional-release period," and concluding that "appellant is not entitled to credit against his conditional-release period for the time he spent incarcerated on violations of his supervised-release term").

This court's decision in *Ward* is based on statutory language that is identical to the language on which Williamson relies: "the person shall be placed on conditional release for five years, minus the time the person served on supervised release."[2] And *Ward* controls our decision here. We therefore reject Williamson's argument that his conditional-release expiration date was improperly extended to account for time that he spent in prison for supervised-release violations.

**Affirmed.**

---

[2] The charged offenses in this case occurred between July 17, 1997, and December 31, 1999. The conditional-release provision of Minn. Stat. § 609.346, subd. 5(a) (1996) was repealed in 1998 and replaced by Minn. Stat. § 609.109, subd. 7(a) (1998). 1998 Minn. Laws ch. 367, art. 6, §§ 6, at 731; 16, at 735. But the relevant language is the same: "the person shall be placed on conditional release for five years, minus the time the person served on supervised release." *Ward* is based on this court's interpretation of that language in Minn. Stat. § 609.346, subd. 5(a) (1994).

4