*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2331**

State of Minnesota,
Respondent,

vs.

Sam Horace Meeks,
Appellant.

**Filed August 18, 2014
Affirmed
Schellhas, Judge**

Anoka County District Court
File No. 02-CR-10-9002

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, M. Katherine Doty, Assistant County Attorney, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Schellhas, Judge.

## U N P U B L I S H E D   O P I N I O N

**SCHELLHAS**, Judge

        Appellant argues that the district court erred by imposing (1) an enhanced 60-month sentence for his conviction of second-degree assault and (2) a 180-month

aggregate sentence because it unfairly exaggerates the criminality of his conduct. We decline to reach appellant's argument regarding his enhanced 60-month sentence, and we affirm.

**FACTS**

Respondent State of Minnesota charged appellant Sam Meeks with two counts of first-degree burglary, three counts of second-degree assault, and two counts of first-degree aggravated robbery. The verdict form submitted to the jury inadvertently listed two counts of second-degree aggravated robbery instead of two counts of first-degree aggravated robbery. The jury found Meeks guilty of two counts of first-degree burglary, three counts of second-degree assault, and two counts of second-degree aggravated robbery. The district court imposed four consecutive sentences for an aggregate sentence of 252 months, as follows: 78 months' imprisonment for Meeks's conviction of first-degree burglary; 60 months' imprisonment for Meeks's conviction of second-degree assault, based on a "firearm enhancement"; and 57 months' imprisonment on each of Meeks's aggravated-robbery convictions as *first*-degree, not *second*-degree, convictions.

Meeks appealed, and this court concluded that the district court erred by convicting Meeks of (1) *first*-degree aggravated robbery when the jury found him guilty of *second*-degree aggravated robbery and (2) both burglary counts when they involved the same conduct. *State v. Meeks*, No. A11-1673, 2012 WL 4052371, at *1, *4–5 (Minn. App. Sept. 17, 2012) (*Meeks I*), *review denied* (Minn. Nov. 20, 2012). This court affirmed in part, reversed in part, and remanded with instructions that the judgment be

amended to reflect convictions of second-degree aggravated robbery, to vacate one of the burglary convictions, and to resentence Meeks. *Id.* at *5.

On remand, for the first time, the state provided Meeks notice of its intent to seek an upward durational sentencing departure based on the victim's particular vulnerability, Meeks's particularly cruel treatment of the victim, Meeks's invasion of the victim's zone of privacy, Meeks's status as a dangerous offender, and Meeks's participation in the crime with at least two other persons. The district court determined that the state's notice was untimely under the rules of criminal procedure and declined to entertain the state's request for an upward departure. On remand, the court amended Meeks's two consecutive 57-month sentences for first-degree aggravated robbery to two consecutive 21-month sentences for second-degree aggravated robbery, leaving Meeks with an aggregate sentence of 180 months.

This appeal follows.

**D E C I S I O N**

In this appeal, Meeks challenges his original sentence of 60 months' imprisonment for second-degree assault, arguing that the district court impermissibly engaged in fact-finding regarding whether he had a requisite prior qualifying firearm-related conviction. He also seeks vacation of his two robbery sentences, arguing that his 180-month aggregate sentence unfairly exaggerates the criminality of his conduct because it is disproportionate to the severity of his crimes and lengthy when compared to other similarly charged defendants. Appellate courts "afford the district court great discretion in the imposition of sentences." *State v. Vang*, 847 N.W.2d 248, 264 (Minn. 2014). We

3

may review Meeks's sentences to determine whether they are "inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2010). We "may dismiss or affirm the appeal, vacate or set aside the sentence imposed or stayed and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct." *Id.*

*Challenge to Enhanced 60-Month Sentence for Second-Degree Assault*

On June 22, 2011, the district court sentenced Meeks to an enhanced sentence of 60 months' imprisonment for second-degree assault under Minnesota Statutes section 609.11, subdivision 5(a) (2010). Section 609.11, subdivision 5(a), mandates a five-year minimum sentence for a defendant convicted of second-degree assault if the offense was a "second or subsequent offense in which the defendant or an accomplice, at the time of the offense, had in possession or used a firearm." "'[S]econd or subsequent offense' means that prior to the commission of the violation or offense, the actor has been adjudicated guilty of a specified similar violation or offense." Minn. Stat. § 609.02, subd. 11 (2010). The record before us does not show that the jury received evidence related to the predicate offense or that the district court asked the jury to determine whether Meeks had been convicted of the predicate offense, as required by Minnesota Statutes section 609.11, subdivision 7 (2010).

In his first direct appeal to this court, Meeks did not challenge his enhanced 60-month sentence for second-degree assault. *Meeks I*, 2012 WL 4052371, at *1−5. This court therefore did not address the legality of Meeks's enhanced 60-month sentence for

second-degree assault. *Id.* Nor did the district court on remand address the legality of Meeks's enhanced 60-month sentence. And Meeks has neither petitioned the district court for postconviction relief from his enhanced 60-month sentence nor moved the district court for a sentence correction. Now, in this appeal from the district court's amended sentence, Meeks attempts to challenge his June 22, 2011 enhanced 60-month sentence for second-degree assault, arguing that the district court engaged in impermissible judicial fact-finding when it determined that he had the predicate conviction for enhancement under section 609.11, subdivision 5(a).

The state argues that Meeks waived any challenge to his enhanced 60-month sentence by not raising it in district court or appealing the sentence within 90 days after judgment and sentencing. We disagree that Meeks has waived a challenge to the legality of his 60-month enhanced sentence, but we conclude that Meeks must first seek any available relief from the sentence in the district court. "The relevant procedures for review of a sentence are provided by the Minnesota Rules of Criminal Procedure and Minnesota Statutes." *Townsend v. State*, 834 N.W.2d 736, 738 (Minn. 2013). We therefore decline to address Meeks's request for reversal of his 60-month enhanced sentence.

*Challenge to Aggregate Sentence as Unfairly Exaggerating Criminality*

The district court originally sentenced Meeks to an aggregate sentence of 252 months by sentencing him consecutively to 78 months for first-degree burglary, two sentences of 57 months for first-degree aggravated robbery, and 60 months for second-degree assault. On remand, the district court reduced Meeks's two consecutive 57-month

sentences for first-degree aggravated robbery to two consecutive 21-month sentences for second-degree aggravated robbery, resulting in an aggregate sentence of 180 months.

Meeks argues that his 180-month aggregate sentence unfairly exaggerates the criminality of his conduct because it is disproportionate to the severity of his crimes and lengthy when compared to other similarly charged defendants. "The district court abuses its discretion in imposing consecutive sentences when the resulting sentence unfairly exaggerates the criminality of the defendant's conduct." *State v. Vang*, 774 N.W.2d 566, 584 (Minn. 2009). "An appellate court looks to past sentences imposed on other offenders when determining the propriety of consecutive sentencing." *State v. Richardson*, 670 N.W.2d 267, 284 (Minn. 2003).

Meeks relies in part on *State v. Scott*, 373 N.W.2d 661 (Minn. App. 1985), *review denied* (Minn. Oct. 24, 1985). In *Scott*, this court affirmed an aggregate sentence of 130 months when Scott's conduct included approaching a woman in front of her home, holding a gun, clamping his hand over her nose and eyes, forcing his way into a home, firing random shots, and shooting one man in his thigh and possibly his buttock. 373 N.W.2d at 662–63. But, in *State v. Whittaker*, the supreme court affirmed a 396-month aggregate sentence plus life-imprisonment as not unfairly exaggerating the criminality of Whittaker's conduct when his conduct included invading a home, terrorizing its occupants, waiving guns at victims, ordering a 12-year-old girl at gunpoint to the floor, and murdering a child in his mother's presence. 568 N.W.2d 440, 443, 453 (Minn. 1997).

In this case, Meeks and two others broke into a home, where an eight-year-old child was asleep in a bedroom; pistol whipped the child's stepfather and tied him up in

6

the bedroom where the child slept; demanded money and slapped and pointed a gun at the child's mother in the bedroom; and, when the child woke, one of the men put a gun to the child's head and threatened to kill him if his mother and stepfather did not cooperate. *Meeks I*, 2012 WL 4052371, at *1. The mother described the home invasion's effect on the child as making him "'afraid of everything,'" "afraid of sleeping by himself, afraid to go outside and play, and need[ing] to have the doors and windows locked at all times."

We conclude that Meeks's 180-month aggregate sentence does not unfairly exaggerate the criminality of his conduct and therefore affirm the court's aggregation of the sentences.

**Affirmed.**